People v Henry (2020 NY Slip Op 02507)





People v Henry


2020 NY Slip Op 02507


Decided on April 30, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 30, 2020

527789

[*1]The People of the State of New York, Respondent,
v
Richard Henry, Appellant.

Calendar Date: March 24, 2020

Before: Clark, J.P., Mulvey, Devine, Pritzker and Colangelo, JJ.


Alexander W. Bloomstein, Hillsdale, for appellant.
P. David Soares, District Attorney, Albany (Vincent Stark of counsel), for respondent.



Devine, J.
Appeal from an order of the County Court of Albany County (Lynch, J.), entered May 30, 2018, which classified defendant as a risk level two sex offender pursuant to the Sex Offender Registration Act.
Following a jury trial, defendant was convicted of possessing a sexual performance by a child (32 counts) and was sentenced to an aggregate prison term of 4 to 12 years. The conviction was affirmed upon appeal (People v Henry, 166 AD3d 1289 [2018]). In advance of defendant's release from prison, the Board of Examiners of Sex Offenders submitted a risk assessment instrument in accordance with the Sex Offender Registration Act (see Correction Law art 6-C) that, based upon a total score of 20 points, presumptively classified him as a risk level one sex offender. Following a hearing, County Court classified defendant as a risk level two sex offender (90 points) and denied his request for a downward departure. Defendant appeals.
We affirm. Defendant challenges County Court's assignment of 30 points under risk factor 3 (number of victims), 30 points under risk factor 5 (age of victims), 20 points under risk factor 7 (relationship with victims) and 10 points under risk factor 12 (acceptance of responsibility). Under the Sex Offender Registration Act, the People "bear the burden of proving the facts supporting the determinations sought by clear and convincing evidence" (Correction Law § 168-n [3]; see People v Mingo, 12 NY3d 563, 571 [2009]; People v Secor, 171 AD3d 1314, 1315 [2019]). Regarding the assessment of 30 points under risk factor 3, "the children depicted in child pornography are necessarily counted as victims under risk factor 3 . . ., permit[ting] the assessment of 30 points whenever 'there were three or more victims involved'" (People v Gillotti, 23 NY3d 841, 855 [2014], quoting Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 10 [2006] [brackets omitted]; see People v Yingst, 167 AD3d 1561, 1561-1562 [2018]; People v Graziano, 140 AD3d 1541, 1542 [2016], lv denied 28 NY3d 909 [2016]). "Such children are also counted as victims under risk factor 5, which provides for the assessment of 30 points for victims 10 years of age or younger" (People v Phillips, 177 AD3d 1108, 1109 [2019] [citation omitted]; see People v Crosley, 161 AD3d 1462, 1462 [2018]). As to risk factor 7, 20 points may be assigned "to a possessor of child pornography who was a stranger to the depicted children because defendant's crime was 'directed at [a] stranger'" (People v Parisi, 147 AD3d 1162, 1164 [2017], quoting Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 12 [2006]; see People v Johnson, 11 NY3d 416, 420-421 [2008]).
Here, the case summary reveals that defendant had 166 images of child pornography on his computer. Further, a State Police investigator testified before the grand jury that various files had been downloaded onto defendant's computer, the names of several of which depicted sexual acts involving children 10 years of age or under. In our view, the information in the case summary and the investigator's grand jury testimony constitute reliable hearsay and provide the requisite clear and convincing evidence to support the assignment of points in risk factors 3, 5 and 7 (see People v Phillips, 177 AD3d at 1110; People v Crosley, 161 AD3d at 1462; People v Weihrich, 111 AD3d 1032, 1033 [2013], lv denied 23 NY3d 905 [2014]). We also find support for the assignment of 10 points in risk factor 12 for defendant failing to take responsibility for his conduct, given his statements in the presentence investigation report that he was unaware that he had downloaded the subject images on his computer (see People v Pavlisak, 115 AD3d 1132, 1133 [2014], lv denied 23 NY3d 907 [2014]; People v Rogowski, 96 AD3d 1113, 1114 [2012]). In light of the foregoing, defendant's classification as a risk level two sex offender is supported by clear and convincing evidence.
We also reject defendant's contention that County Court abused its discretion in denying his request for a downward departure to a risk level one classification. Although the Court of Appeals has recognized that an assessment of points under risk factors 3 and 7 may result in an overassessment of an offender's risk to the public safety in cases concerning child pornography offenses (see People v Gillotti, 23 NY3d at 860), given the number and nature of the images possessed by defendant, there was no overassessment and a downward departure was not warranted (see People v Rivas, 173 AD3d 786, 787 [2019]; People v Tirado, 165 AD3d 991, 992 [2018], lv denied 32 NY3d 914 [2019]).
Clark, J.P., Mulvey, Pritzker and Colangelo, JJ., concur.
ORDERED that the order is affirmed, without costs.