People v Brown (2021 NY Slip Op 00213)





People v Brown


2021 NY Slip Op 00213


Decided on January 14, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 14, 2021

525921

[*1]The People of the State of New York, Respondent,
v
Keith Brown, Appellant.

Calendar Date: November 17, 2020

Before: Egan Jr., J.P., Pritzker, Reynolds Fitzgerald and Colangelo, JJ.


Stephen W. Herrick, Public Defender, Albany (Steven M. Sharp of counsel), for appellant.
P. David Soares, District Attorney, Albany (Jonathan P. Catania of counsel), for respondent.



Egan Jr., J.P.
Appeal from an order of the County Court of Albany County (Carter, J.), entered October 25, 2017, which classified defendant as a risk level three sex offender pursuant to the Sex Offender Registration Act.
In 2010, defendant was observed by police taking photographs at the scene of a suspicious death in Connecticut. During an ensuing conversation with officers, defendant acknowledged taking a video of the crime scene and, after deleting that item, permitted the inquiring officer to further examine his cell phone in order to establish that he had not taken any additional photographs of the scene. Upon examination, the officer discovered an image that appeared to depict two young females, between the ages of 4 and 12, engaged in sexual intercourse with an adult male. Further investigation revealed defendant to be in the possession of multiple other images of child pornography. Defendant was charged and subsequently pleaded guilty to one count of possession of child pornography in the third degree (see Conn General Statutes § 53a-196f), was sentenced to five years in prison followed by three years of postrelease supervision and was placed on the State of Connecticut Sex Offender Registry for 10 years.
Following his release from prison in Connecticut, defendant relocated to New York, but failed to register his address in accordance with the Sex Offender Registration Act (see Correction Law § 168-k [1]). Defendant was charged, and subsequently pleaded guilty to, a class E felony for failing to notify this state of his out-of-state sex offense conviction (see Correction Law § 168-k [1]). He was then sentenced to a probation term of five years and a hearing was scheduled to determine his risk level classification for purposes of sex offender registration. In anticipation of the hearing, the Board of Examiners of Sex Offenders prepared a risk assessment instrument and a case summary, presumptively classifying defendant as a risk level one sex offender (70 points). The People submitted their own risk assessment instrument presumptively classifying defendant as a risk level three sex offender (120 points). At the ensuing hearing, defendant objected to the People's assessment of points under risk factor 5 (age of victim) and requested a downward departure from his presumptive risk level based upon risk factors 3 (number of victims) and 7 (relationship between offender and victim) (see generally People v Gillotti, 23 NY3d 841, 853 [2014]; People v Johnson, 11 NY3d 416, 421 [2008]). County Court determined that the People had presented clear and convincing evidence to support the assessment of points in their risk assessment instrument and classified defendant as a level three sex offender (120 points). Defendant appeals.[FN1]
We affirm. Although County Court's short form order concludes that defendant is a risk level three sex offender and "alludes to the findings of fact and conclusions of law made on the record in open court" (People v Burke, [*2]139 AD3d 1268, 1269 [2016] [internal quotation marks and citation omitted], lv denied 28 NY3d 909 [2016]; see Correction Law § 168-n [3]), the court's oral findings and conclusions are not sufficiently detailed to permit intelligent review thereof (see People v Miranda, 24 AD3d 909, 910 [2005]). Notwithstanding, remittal is not necessary as the record is otherwise sufficiently developed for us to make our own factual findings and conclusions (see People v Coe, 167 AD3d 1175, 1176 [2018]; People v Burke, 139 AD3d at 1269; People v Hemmes, 110 AD3d 1387, 1388 [2013]).
Defendant challenges County Court's assessment of 30 points under risk factor 5 — appropriate where a defendant's victim is 10 years old or less — arguing that there was not clear and convincing evidence presented as to the ages of the victims.[FN2] The police officers who viewed the images on defendant's cell phone estimated the children's ages to be between 4 and 12, and defendant admitted that he possessed the images because he was going to show them to another person who had "asked him if he had any pictures of young teens or young kids." Accordingly, we are satisfied that the People met their burden of establishing that at least one of the victims was 10 years old or less at the time of the offense such that defendant was appropriately assessed 30 points under risk factor 5 (see People v Kopstein, 186 AD3d 757, 758 [2020]; People v Crosley, 161 AD3d 1462, 1462 [2018]; see also People v Henry, 182 AD3d 939, 940 [2020], lv denied 36 NY3d 901 [2020]; compare People v Cephus, 128 AD3d 656, 656-657 [2015], lv denied 26 NY3d 901 [2015]).
We are unpersuaded by defendant's contention that County Court erred in denying his request for a downward departure under risk factors 3 and 7.[FN3] Although the Court of Appeals has recognized "that scoring points under risk factors 3 and 7 may overestimate the risk of reoffense and danger to the public posed by quite a few child pornography offenders" (People v Gillotti, 23 NY3d at 860; see People v Johnson, 11 NY3d at 421), it nevertheless remains within the discretion of County Court to impose points based upon these factors where the evidence permits, and any potential for overestimation of the risk of sexual recidivism may be addressed via the discretionary downward departure process (see People v Gillotti, 23 NY3d at 860-861; People v Benton, 185 AD3d 1103, 1105 [2020], lv denied 35 NY3d 916 [2020]; People v Coe, 167 AD3d at 1177).
With respect to defendant's request for a downward departure, County Court should have addressed, on the record, those aggravating or mitigating factors that, given the totality of the circumstances, might have resulted in an over- or under-assessment of defendant's dangerousness or risk of sexual recidivism (see People v Gillotti, 23 NY3d at 860). Notwithstanding, we again do not find remittal to be necessary given the sufficiency of the record before us (see People v Coe, 167 AD3d at 1177). In support of his argument [*3]for a downward departure under risk factors 3 and 7, defendant argued, in conclusory fashion, that no aggravating factors were present and simply asserted that there was insufficient evidence presented as to the number of victims depicted in the images and the actual age of the victims. No additional arguments or evidence were proffered in support of his request for downward departure with respect to these grounds (see People v Kemp, 163 AD3d 1339, 1341 [2018], lv denied 32 NY3d 919 [2019]). The arguments that defendant presently raises regarding alleged mitigating factors, such as the noncontact nature of the offense, his recent STATIC-99 risk assessment score and his age, were not raised at the hearing before County Court and are therefore unpreserved for our review (see People v Disla, 186 AD3d 755, 756 [2020]; People v Worrell, 183 AD3d 602, 603 [2020]). The People, on the other hand, established that defendant possessed multiple sexually explicit images of female children, ranging in age from 4 to 12, 15 of which depicted child pornography, including images of "female children between the ages of 4 and 12 engaged in sexual acts, and exposing their genitals." The case summary, moreover, contains defendant's admission that he possessed these images on his cell phone because he intended on sharing them with another person. Based on the foregoing, and in consideration of the fact that defendant failed to articulate or present proof demonstrating how the assessment of points under risk factors 3 and 7 overestimated his risk of sexual recidivism or dangerousness to the public, we cannot say that County Court abused its discretion in denying defendant's request for a downward departure and in classifying him as a risk level three sex offender (see People v Coe, 167 AD3d at 1177; People v Kemp, 163 AD3d at 1341-1342; compare People v Phillips, 177 AD3d 1108, 1110 [2019]).
Pritzker, Reynolds Fitzgerald and Colangelo, JJ., concur.
ORDERED that the order is affirmed, without costs.



Footnotes

Footnote 1: We exercise our discretion to treat defendant's premature notice of appeal as valid (see CPLR 5501).

Footnote 2: The People largely relied on a federal presentence investigation report (hereinafter PSR) used to prepare their risk assessment instrument; however, the parties failed to provide said PSR to this Court. Nevertheless, the Board's case summary, included in the record on appeal, contains nearly all of the same evidence relied upon by the People regarding risk factor 5, as does, to a lesser extent, the Albany County PSR prepared in conjunction with defendant's failure to notify conviction, which has been provided.

Footnote 3: Contrary to the People's contention, defendant preserved his request for a downward departure based on the alleged overassessment of points under risk factors 3 and 7 (see generally People v Gillotti, 23 NY3d at 845; People v Johnson, 11 NY3d at 421).