People v Conrad (2021 NY Slip Op 02194)





People v Conrad


2021 NY Slip Op 02194


Decided on April 8, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:April 8, 2021

528733
[*1]The People of the State of New York, Respondent,
v
Wayne Conrad, Appellant.

Calendar Date:March 10, 2021

Before:Egan Jr., J.P., Aarons, Pritzker, Reynolds Fitzgerald and Colangelo, JJ.

Stephen W. Herrick, Public Defender, Albany (Steven M. Sharp of counsel), for appellant.
P. David Soares, District Attorney, Albany (Vincent Stark of counsel), for respondent.



Colangelo, J.
Appeal from an order of the County Court of Albany County (Carter, J.), entered November 29, 2018, which classified defendant as a risk level two sex offender pursuant to the Sex Offender Registration Act.
In 2012, defendant was convicted of the federal crime of receipt of child pornography (see 18 USC § 2252A [a] [2]) and was sentenced to a prison term of 96 months to be followed by a lifetime of supervised release. In August 2018, he was transferred to a community correction center in Albany County pending the commencement of his supervised release. In anticipation thereof, the Board of Examiners of Sex Offenders prepared a risk assessment instrument (hereinafter RAI) under the Sex Offender Registration Act (see Correction Law art 6-C [hereinafter SORA]) that assigned 30 points to risk factor 5 (age of victim) and presumptively placed him in the risk level one classification. The People, in turn, prepared an RAI assigning 30 points to this risk factor, as well as 30 points to risk factor 3 (number of victims) and 20 points to risk factor 7 (relationship with victim), resulting in a total of 80 points, presumptively placing defendant in the risk level two classification. At the hearing that followed, defense counsel requested, in the event that County Court adopted the People's RAI, that there be a downward departure to risk level one based upon a psychological treatment summary prepared while defendant was in prison. County Court, however, adopted the People's RAI and classified defendant as a risk level two sex offender. Defendant appeals.
Initially, defendant contends that County Court failed to set forth its findings of fact and conclusions of law supporting its classification of defendant as a risk level two sex offender as required by Correction Law § 168-n (3). Correction Law § 168-n (3) provides that, at the conclusion of a SORA hearing, County Court "shall render an order setting forth its determinations and the findings of fact and conclusions of law on which the determinations are based" (see People v Lavelle, 172 AD3d 1568, 1569 [2019], lv denied 33 NY3d 909 [2019]). "Such order must be in writing and entered and filed in the office of the clerk of the court where the action is pending" (id. at 1569). Here, County Court utilized a short form order that alludes to the findings of fact and conclusions of law made on the record in open court, but such findings and conclusions are not sufficiently detailed to permit intelligent review (see People v Brown, 190 AD3d 1120, 1122 [2021]; People v Burke, 139 AD3d 1268, 1269 [2016], lv denied 28 NY3d 909 [2016]). Remittal, however, is unnecessary as the record is sufficiently developed to enable us to make our own factual findings and legal conclusions (see People v Brown, 190 AD3d at 1122; People v Coe, 167 AD3d 1175, 1176 [2018]).
"In establishing the appropriate risk level classification under SORA, the People 'bear the burden of proving the facts supporting the determination[] [*2]sought by clear and convincing evidence'" (People v Phillips, 177 AD3d 1108, 1109 [2019], quoting Correction Law § 168-n [3]; see People v Benton, 185 AD3d 1103, 1104 [2020], lv denied 35 NY3d 916 [2020]). In support of the RAI placing defendant in the risk level two classification, the People submitted the federal presentence investigation report (hereinafter PSI) and the case summary detailing the nature of defendant's crime. Such documentation is reliable hearsay that has been found to constitute clear and convincing evidence supporting a risk level classification (see People v Benton, 185 AD3d at 1109; People v Phillips, 177 AD3d at 1110).
According to this documentation, federal investigators recovered from defendant's computer as many as 1,000 still images and 80 videos depicting children, mostly girls between the ages of 4 and 14, engaged in a variety of sexual acts, as well as images that included "sadomasochistic conduct on infants and toddlers." The investigators noted that, when defendant was taken into custody, he admitted that he had downloaded thousands of images and videos of child pornography depicting children "ranging from toddlers to prepubescents and teens." Reference to the young ages of these victims of child pornography supports the assignment of 30 points to risk factor 5 (see People v Henry, 182 AD3d 939, 940 [2020], lv denied 36 NY3d 901 [2020]; People v Phillips, 177 AD3d at 1109). Likewise, the multitude of victims depicted in the thousands of pornographic images recovered supports the assignment of 30 points to risk factor 3 (see People v Gillotti, 23 NY3d 841, 855 [2014]; People v Henry, 182 AD3d at 940).[FN1] Furthermore, although defendant did not know the victims or have personal contact, "risk factor 7 extends to children depicted in child pornography who are strangers to the offender and allows for the assessment of 20 points" (People v Phillips, 177 AD3d at 1109; see People v Henry, 182 AD3d at 940). In view of the foregoing, and given that a total of 80 points were assigned based on the above risk factors, we find that clear and convincing evidence supports County Court's classification of defendant as a risk level two sex offender (see People v Henry, 182 AD3d at 941; People v Phillips, 177 AD3d at 1100; see also, People v Crosley, 161 AD3d 1462, 1463 [2018]).
Defendant further contends that County Court abused its discretion in denying his request for a downward departure to a risk level one classification. The record discloses that defendant made such request early in the hearing, in the event that the court placed defendant in the risk level two classification, and submitted a psychological treatment summary in support thereof. Although the summary was received into evidence and reviewed by the court, the court did not address defendant's request but proceeded to consider the substantive risk factors, ultimately concluding that defendant should be placed in the risk level two classification. Significantly[*3], as the record does not contain any findings or conclusions with respect to defendant's request, we are unable to ascertain the court's reasoning for implicitly denying it. Consequently, we "reverse and remit so that County Court may 'determine whether or not to order a departure from the presumptive risk level indicated by the offender's guidelines factor score' and to set forth its findings of fact and conclusions of law as required" (People v Phillips, 177 AD3d at 1110, quoting People v Gillotti, 23 NY3d at 861; see People v Darrah, 153 AD3d 1528, 1529 [2017]).
Egan Jr., J.P., Aarons, Pritzker and Reynolds Fitzgerald, JJ., concur.
ORDERED that the order is reversed, on the law, without costs, and matter remitted to the County Court of Albany County for further proceedings not inconsistent with this Court's decision.



Footnotes

Footnote 1: Notably, defense counsel conceded at the hearing that the images depicted more than three victims.