People v Kwiatkowski (2021 NY Slip Op 04934)





People v Kwiatkowski


2021 NY Slip Op 04934


Decided on September 2, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:September 2, 2021

527141
[*1]The People of the State of New York, Respondent,
v
Victor Kwiatkowski, Appellant.

Calendar Date:August 18, 2021

Before:Garry, P.J., Egan Jr., Clark, Pritzker and Colangelo, JJ.

Bruce Evans Knoll, Albany, for appellant.
P. David Soares, District Attorney, Albany (Christopher D. Horn of counsel), for respondent.



Clark, J.
Appeal from an order of the County Court of Albany County (Carter, J.), entered June 20, 2018, which classified defendant as a risk level two sex offender pursuant to the Sex Offender Registration Act.
In satisfaction of a four-count indictment, defendant pleaded guilty to a single count of promoting a sexual performance by a child as a sexually motivated felony and was sentenced to a prison term of three years followed by 10 years of postrelease supervision. In anticipation of his release from prison, the Board of Examiners of Sex Offenders prepared a risk assessment instrument that presumptively classified defendant as a risk level one sex offender (45 points). In response, the People prepared a separate risk assessment instrument scoring defendant with a total of 80 points, resulting in a presumptive risk level two classification. At the risk level classification hearing that followed, County Court credited the People's proof and classified defendant as a risk level two sex offender. This appeal ensued.
"Although the short form order utilized by County Court contains the ordered language required to constitute an appealable paper, the written order fails to set forth the findings of fact and conclusions of law required by Correction Law § 168-n (3)" (People v Coe, 167 AD3d 1175, 1176 [2018] [internal quotation marks and citation omitted]; see People v Conrad, 193 AD3d 1187, 1188 [2021]; People v Brown, 190 AD3d 1120, 1121-1122 [2020]). "The hearing transcript is similarly deficient as it does not contain clear and detailed oral findings to support County Court's risk level classification" (People v Coe, 167 AD3d at 1176 [citation omitted]; see People v Conrad, 193 AD3d at 1188; People v Brown, 190 AD3d at 1122). The scant record before us is not sufficiently developed to enable this Court to make its own factual findings and legal conclusions — particularly with respect to the number of victims and the points assessed under risk factor three. Accordingly, County Court's order is reversed, and this matter is remitted for further proceedings.
Garry, P.J., Egan Jr., Pritzker and Colangelo, JJ., concur.
ORDERED that the order is reversed, on the law, without costs, and matter remitted to the County Court of Albany County for further proceedings not inconsistent with this Court's decision.