People v Hoffman (2021 NY Slip Op 06013)





People v Hoffman


2021 NY Slip Op 06013


Decided on November 4, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:November 4, 2021

530046
[*1]The People of the State of New York, Respondent,
v
Gary Hoffman, Appellant.

Calendar Date:October 19, 2021

Before:Garry, P.J., Lynch, Clark, Reynolds Fitzgerald and Colangelo, JJ.

John Ferrara, Monticello, for appellant.
David J. Clegg, District Attorney, Kingston (Joan Gudesblatt Lamb of counsel), for respondent.



Lynch, J.
Appeal from an order of the County Court of Ulster County (Williams, J.), entered May 13, 2019, which classified defendant as a risk level three sex offender and a predicate sex offender pursuant to the Sex Offender Registration Act.
In 2006, defendant pleaded guilty to, among other things, the federal crime of possession of child pornography and was sentenced to 14 years in prison followed by 15 years of supervised release. In 2018, following the commencement of his supervised release, the Board of Examiners of Sex Offenders prepared a risk assessment instrument (hereinafter RAI) under the Sex Offender Registration Act (see Correction Law art 6-C [hereinafter SORA]) and a case summary that presumptively placed defendant in the risk level one classification (60 points); however, the Board recommended an upward modification to a level two sex offender classification. At the ensuing hearing, the People sought to assess an additional 30 points under risk factor 3 (number of victims) and 20 points under risk factor 7 (relationship to victim), for a total of 110 points, presumptively placing defendant in the risk level three classification. County Court adopted the additional points assessed by the People and, notwithstanding defendant's request for a downward departure, classified defendant as a risk level three predicate sex offender. Defendant appeals.
Initially, although County Court did not "render an order setting forth its determinations and the findings of fact and conclusions of law on which the determinations are based" as required by Correction Law § 168-n (3), remittal is not necessary as the record contains the court's oral findings and conclusions regarding the presumptive classification of defendant as a risk level three sex offender, which "are clear
. . . and sufficiently detailed to permit intelligent review" (People v Lavelle, 172 AD3d 1568, 1569 [2019] [internal quotation marks and citations omitted], lv denied 33 NY3d 909 [2019]; accord People v Guyette, 140 AD3d 1555, 1556 [2016]). As to the merits, we are unpersuaded by defendant's contention that the court relied on its subjective experience in relation to other sex offender matters in classifying him as a level three sex offender. Contrary to defendant's contention, the comment made by the court regarding its 40 years of experience handling sex offender cases related to its confusion and disagreement with the Board's assessment presumptively classifying defendant as a level one sex offender, particularly in light of the number of images that defendant possessed and his prior sexual abuse conviction.
Although defendant does not appear to directly challenge the assignment of additional points as to risk factor 3 and risk factor 7, the record provides clear and convincing evidence for the assignment of such points. Specifically, in assessing 30 points under risk factor 3 (three or more victims), County Court considered the information set forth in the Board's case summary[*2], which noted, in addition to admissions made by defendant, that a forensic analysis of defendant's computer revealed over 1,000 images of children engaged in sexual conduct with adults and children and the distribution by defendant of over 10 video clips depicting children between the ages of 7 and 16 engaged in sexual conduct. Furthermore, the record established that the victims of the instant offense were not computer generated but actual victims. The voluminous pornographic images of children that were recovered supports the assignment of 30 points (see People v Gillotti, 23 NY3d 841, 855 [2014]; People v Conrad, 193 AD3d 1187, 1189 [2021]). With respect to the 20 points assessed for risk factor 7 (relationship with the victims), "although defendant did not know the victims or have personal contact, 'risk factor 7 extends to children depicted in child pornography who are strangers to the offender and allows for the assessment of 20 points'" (People v Conrad, 193 AD3d at 1189, quoting People v Phillips, 177 AD3d 1108, 1109 [2019]; see People v Johnson, 11 NY3d 416, 420-421 [2008]). In view of the foregoing, and given the risk factor score totaled 110, clear and convincing evidence exists to support County Court's classification of defendant as a level three sex offender (see People v Conrad, 193 AD3d at 1189; People v Henry, 182 AD3d 939, 940 [2020], lv denied 36 NY3d 901 [2020]).
Defendant also argues that County Court erred in refusing to grant his request for a downward departure. The record reflects that defendant's counsel submitted various evidence, including a letter from a social worker who apparently was treating defendant and information regarding, among other things, defendant's consistent compliance with probation, in support of the request for a downward departure. As County Court did not set forth on the record any findings or conclusions on that request, we are unable to assess the court's reasoning. As such, we reverse and remit the matter for County Court to determine whether a departure from the presumptive risk level indicated by defendant's point total is warranted and to set forth its requisite findings of fact and conclusions (see People v Gillotti, 23 NY3d at 861; People v Conrad, 193 AD3d at 1189-1190; People v Phillips, 177 AD3d at 1110).
Garry, P.J., Clark, Reynolds Fitzgerald and Colangelo, JJ., concur.
ORDERED that the order is reversed, on the law, without costs, and matter remitted to the County Court of Ulster County for further proceedings not inconsistent with this Court's decision.