People v Shook (2021 NY Slip Op 06399)





People v Shook


2021 NY Slip Op 06399


Decided on November 18, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:November 18, 2021

526636
[*1]The People of the State of New York, Respondent,
v
Robert F. Shook Sr., Appellant.

Calendar Date:October 15, 2021

Before:Egan Jr., J.P., Clark, Aarons, Pritzker and Reynolds Fitzgerald, JJ.

Donna Maria Lasher, Rock Hill, for appellant.
John W. Hillman, Special Prosecutor, Chatham, for respondent.



Egan Jr., J.P.
Appeal from an order of the County Court of Columbia County (Koweek, J.), entered May 30, 2018, which classified defendant as a risk level three sex offender pursuant to the Sex Offender Registration Act.
Defendant was indicted and charged with sexual abuse in the first degree (three counts) and endangering the welfare of a child. He thereafter was tried, convicted of the charged crimes and sentenced — all in absentia — to consecutive prison terms of seven years upon each of his convictions for sexual abuse in the first degree and to a concurrent one-year jail term upon his conviction of endangering the welfare of a child (294 AD2d 710 [2002], lv denied 98 NY2d 702 [2002]). Upon defendant's direct appeal, this Court affirmed (id.).
In anticipation of his release from prison, the Board of Examiners of Sex Offenders prepared a risk assessment instrument that presumptively classified defendant as a risk level two sex offender (90 points). At the risk classification hearing that followed, the People, in addition to asking that defendant be designated as a sexually violent offender, requested that defendant be assessed additional points under risk factors 1, 12 and 14, which would result in a presumptive risk level three classification (120 points). Alternatively, the People sought an upward departure to a risk level three classification based upon allegations of another victim. The proof offered in support of the People's request for an upward departure consisted of a sworn statement from the victim's mother, wherein she alleged that defendant had sexual contact with a member of her ex-husband's family.
Over defense counsel's objection, County Court admitted the foregoing statement into evidence, granted the People's request to impose an additional 10 points under risk factor 1 (forcible compulsion) and also imposed an additional 20 points under risk factor 3 (two victims) — prompting the People to withdraw their request for an upward departure. As a result, County Court classified defendant as a risk level three sex offender (120 points) with a sexually violent offender designation. This appeal ensued.
To the extent that defendant challenges County Court's failure to comply with the provisions of Correction Law § 168-n (3) by rendering a written order setting forth the findings of fact and conclusions of law upon which its risk level classification was based (see People v Conrad, 193 AD3d 1187, 1188 [2021]), we note that remittal is unnecessary where, as here, "the court makes oral findings and conclusions that are clear, supported by the record and sufficiently detailed to permit intelligent review, or the record is sufficient for this Court to make its own factual findings and conclusions" (People v Burke, 139 AD3d 1268, 1269 [2016] [internal quotation marks and citations omitted], lv denied 28 NY3d 909 [2016]; see People v Brown, 190 AD3d 1120, 1122 [2021]; People v Secor, 171 AD3d 1314, 1314 n 1 [2019]).
As to the merits, defendant[*2]— as so limited by his brief — argues that County Court abused its discretion in granting the People's request for an upward departure from the Board's presumptive risk level two classification. Defendant's argument, however, mischaracterizes the manner in which County Court reached its risk level determination. The court did not, as defendant contends, grant the People's request for an upward departure from the presumptive risk level classification. Rather, County Court's risk level classification was based upon the 30 additional points collectively assessed under risk factors 1 and 3. Indeed, as noted previously, the People expressly withdrew their request for an upward departure after County Court determined that defendant was a risk level three sex offender based upon the additional points imposed. Accordingly, defendant's argument that County Court abused its discretion in granting the People's request for an upward departure is misplaced.
To the extent that defendant addresses the propriety of the additional points assessed under risk factors 1 and 3, we find that the record contains clear and convincing evidence to support defendant's classification as a risk level three sex offender. The sworn statement submitted by the victim's mother, to whom a second underage victim disclosed his sexual encounter with defendant, constituted reliable hearsay to support the 20 additional points assessed under risk factor 3. Hence, even without considering the additional points assessed under risk factor 1, County Court's classification of defendant was proper. Defendant's remaining contentions, including his assertion that he was denied the ineffective assistance of counsel, have been examined and found to be lacking in merit.
Clark, Aarons, Pritzker and Reynolds Fitzgerald, JJ., concur.
ORDERED that the order is affirmed, without costs.