People v Harvey (2022 NY Slip Op 01073)





People v Harvey


2022 NY Slip Op 01073


Decided on February 17, 2022


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:February 17, 2022

531302
[*1]The People of the State of New York, Respondent,
v
Douglas Harvey, Appellant.

Calendar Date:January 10, 2022

Before:Egan Jr., J.P., Clark, Pritzker and Colangelo, JJ.

Adam G. Parisi, Schenectady, for appellant.
Clea Weiss, Special Prosecutor, Ithaca, for respondent.



Pritzker, J.
Appeal from an order of the County Court of Saratoga County (Murphy III, J.), entered January 22, 2020, which classified defendant as a risk level two sex offender pursuant to the Sex Offender Registration Act.
Defendant pleaded guilty to promoting a sexual performance by a child and was sentenced to a prison term of 1&frac13; to 4 years. In anticipation of his release from prison, the Board of Examiners of Sex Offenders prepared a risk assessment instrument in accordance with the Sex Offender Registration Act (see Correction Law art 6-C [hereinafter SORA]) that, based upon a total score of 20 points, presumptively classified him as a risk level one sex offender. The People prepared a risk assessment instrument that classified defendant as a risk level two sex offender (80 points). Following a hearing, County Court classified defendant as a risk level two sex offender (80 points) and denied his request for a downward departure. Defendant appeals.[FN1]
"In establishing the appropriate risk level classification under SORA, the People bear the burden of proving the facts supporting the determination sought by clear and convincing evidence" (People v Conrad, 193 AD3d 1187, 1188 [2021] [internal quotation marks, brackets and citations omitted]; see People v Brown, 178 AD3d 1167, 1167 [2019]). Defendant challenges the assessment of 30 points under risk factor 5 — appropriate where a victim is 10 years old or younger — contending that there was not clear and convincing evidence presented as to the ages of the victims. We disagree. The People sought the assessment of 30 points in this risk factor based upon an admission by defendant during an interview with the police at the time of his arrest. During the interview, the interviewing officer explained to defendant that the police had received a tip that the image "was [of] a prepubescent female, so under the age of probably 10."[FN2] Defendant then admitted that "[the police were] going to find those images" on his computer. Moreover, defendant explained that, despite his preference to view pornography of older children, he would look for and save images for individuals he met online who preferred child pornography of "young kids." Thus, we find that the evidence submitted by the People established, by clear and convincing evidence, that the victims were 10 years old or younger so as to assess 30 points in this risk factor (see People v Brown, 194 AD3d 861, 862 [2021], lv denied 37 NY3d 915 [2021]; People v Brown, 190 AD3d 1120, 1122 [2021]; compare People v Spratley, 175 AD3d 962, 962-963 [2019]).
Defendant also argues that County Court erred in denying his request for a downward departure. Although the court did expressly deny this request in the order, it did not detail the factual findings in support of its conclusion. Thus, we are unable to ascertain the court's reasoning for denying defendant's request. Consequently, we reverse and remit for County Court to set forth its findings of fact for denying [*2]defendant's request for a downward departure as required (see People v Conrad, 193 AD3d at 681; People v Phillips, 177 AD3d 1108, 1110 [2019]).
Egan Jr., J.P., Clark and Colangelo, JJ., concur.
ORDERED that the order is reversed, on the law, without costs, and matter remitted to the County Court of Saratoga County for further proceedings not inconsistent with this Court's decision.



Footnotes

Footnote 1: Although County Court made a bench ruling at the conclusion of the January 13, 2020 hearing, the written order was not entered until January 22, 2020 and, therefore, defendant's January 13, 2020 notice of appeal was premature. In the interest of judicial economy, we will excuse the defect, treat the notice of appeal as valid and address the merits (see CPLR 5520 [c]; People v Lesch, 126 AD3d 1261, 1262 n [2015], lv denied 26 NY3d 905 [2015]).

Footnote 2: According to the police report, which was admitted into evidence at the SORA hearing, the investigator viewed the image.