People v Kelsey (2023 NY Slip Op 06186)

People v Kelsey

2023 NY Slip Op 06186

Decided on November 30, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:November 30, 2023

CV-23-0491
[*1]The People of the State of New York, Respondent,
v
Michael N. Kelsey, Appellant.

Calendar Date:November 15, 2023

Before:Lynch, J.P., Pritzker, Reynolds Fitzgerald, McShan and Powers, JJ.

Michael N. Kelsey, Salt Point, appellant pro se.
Gary M. Pasqua, District Attorney, Canton (Matthew L. Peabody of counsel), for respondent.

Lynch, J.P.
Appeals (1) from an order of the County Court of St. Lawrence County (Gregory P. Storie, J.), entered March 30, 2022, which classified defendant as a risk level two sex offender pursuant to the Sex Offender Registration Act, and (2) from an order of said court, entered September 20, 2022, which denied defendant's motion to, among other things, reargue.
Following a jury trial, defendant was convicted of sexual abuse in the first degree, attempted sexual abuse in the first degree, forcible touching and two counts of endangering the welfare of a child, and was sentenced to an aggregate prison term of seven years followed by 10 years of postrelease supervision. That conviction was affirmed on appeal (174 AD3d 962 [3d Dept 2019], lv denied 34 NY3d 982 [2019], cert denied ___ US ___, 141 S Ct 2607 [2021]). In advance of his release from prison, a risk assessment instrument was submitted by the Board of Examiners of Sex Offenders that presumptively classified defendant as a risk level two sex offender, with which the People agreed. Following a hearing at which defendant waived appearance but submitted a 170-page memorandum, County Court classified defendant as a risk level two sex offender with a sexually violent offender designation. After defendant's initial motion to reargue was denied based on a failure to provide notice of motion to the People, defendant moved for renewal and reargument. The court, finding that defendant provided proof of service of the motion, denied the motion to reargue, noting that the point assessment was proper. Defendant appeals from both orders.[FN1]
County Court's order failed to set forth its findings of fact and conclusions of law as required by Correction Law § 168-n (3). The March 2022 order states that at a hearing held on an unspecified date, the court "set out its findings of fact . . . which support the assignment of points for each risk factor." No such findings are set forth in the order and, if placed on the record at the hearing, no hearing transcript is contained in the record. Absent any record findings of fact and conclusions of law by the court, this Court is precluded from conducting a meaningful appellate review of the assessment of points and defendant's risk level classification. As such, the matter must be remitted (see People v VonRapacki, 204 AD3d 41, 43 [3d Dept 2022]; People v Kwiatkowski, 197 AD3d 1363, 1363-1364 [3d Dept 2021]; People v Kennedy, 79 AD3d 1470, 1470 [3d Dept 2010]). Further, to the extent that defendant raises direct constitutional challenges to certain portions of Correction Law § 168, as set forth in his memorandum submitted to County Court, the record is devoid of any indication that the Attorney General was timely notified of such challenges or whether the court ruled on any of the issues raised. In view of the foregoing, County Court's March 30, 2022 order is reversed and the matter remitted for further proceedings.
Pritzker, Reynolds Fitzgerald, McShan and Powers, JJ., concur.
ORDERED that the order entered March 30, 2022 is reversed, on the law, without costs, and matter remitted to the County Court of St. Lawrence County for further proceedings not inconsistent with this Court's decision.
ORDERED that the appeal from the order entered September 20, 2022 is dismissed, without costs.

Footnotes

Footnote 1: As no appeal lies from the denial of a motion to reargue, the appeal from the September 20, 2022 order must be dismissed (see Reus v ETC Hous. Corp., 203 AD3d 1281, 1284 [3d Dept 2022], lv dismissed 39 NY3d 1059 [2023]; People ex rel. Timothy I. v Mr. Campbell, 95 AD3d 1497, 1497 [3d Dept 2012]).