People v Kelsey (2025 NY Slip Op 06945)

People v Kelsey

2025 NY Slip Op 06945

Decided on December 11, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:December 11, 2025

CV-24-1585
[*1]The People of the State of New York, Respondent,
v
Michael N. Kelsey, Appellant.

Calendar Date:October 9, 2025

Before:Garry, P.J., Clark, Aarons, Lynch and Powers, JJ.

Michael N. Kelsey, Salt Point, appellant pro se.
Gary M. Pasqua, District Attorney, Canton (Matthew L. Peabody of counsel), for respondent.

Aarons, J.
Appeals (1) from an order of the County Court of St. Lawrence County (Gregory Storie, J.), entered February 29, 2024, which classified defendant as a risk level two sex offender pursuant to the Sex Offender Registration Act, and (2) from an order of said court, entered June 11, 2024, which, among other things, denied his motion for a stay.
Stemming from allegations that, during a hiking trip, defendant touched an underage victim's intimate parts and almost did the same to another underage victim while they slept, defendant was charged with, tried for and convicted of sexual abuse in the first degree, attempted sexual abuse in the first degree, forcible touching and two counts of endangering the welfare of a child. Defendant was thereafter sentenced to an aggregate prison term of seven years, to be followed by 10 years of postrelease supervision. As defendant's conviction required him to register as a sex offender pursuant to the Sex Offender Registration Act (Correction Law art 6-C [hereinafter SORA]), the Board of Examiners of Sex Offenders, prior to defendant's release from prison, prepared a risk assessment instrument (hereinafter RAI) presumptively classifying him a risk level two sex offender and designating him a sexually violent offender. The People agreed with the Board's recommendation, while defendant, self-represented, waived appearance at his SORA hearing and objected to his classification and designation on constitutional and other grounds in a comprehensive legal memorandum. County Court issued an order in 2022 in accord with the recommended classification and designation.
Defendant appealed from that 2022 order, which we reversed based upon County Court's failure to articulate the findings and conclusions mandated by statute, and we remitted the matter for further proceedings (221 AD3d 1399, 1400 [3d Dept 2023]). In the process, we noted that "the record is devoid of any indication that the Attorney General was timely notified of [defendant's constitutional] challenges or whether the court ruled on any of the issues raised" (id.; see CPLR 1012 [b]; Executive Law § 71). Upon remittal and without another hearing, the court issued a February 2024 order, again classifying defendant as a risk level two sex offender with a sexually violent offender designation. Defendant moved to renew, reargue and stay the February 2024 order, which motion County Court denied in a June 2024 order. Defendant appeals from both the February 2024 and June 2024 orders.
Starting with the June 2024 order, County Court did not abuse its discretion or offend due process when it denied defendant's motion for a stay pending resolution of his action challenging the Correction Law in Supreme Court (see People v Powell, 170 AD3d 413, 413 [1st Dept 2019], lv denied 33 NY3d 908 [2019]; People v Norris, 168 AD3d 1003, 1004 [2d Dept 2019], lv denied 33 NY3d 904 [2019]; cf. People v Liden, 19 NY3d 271, 275-276 [2012]). The court also appropriately denied defendant's renewal [*2]motion because he did not articulate any "new facts not previously offered that would change the prior determination" (Matter of James H. Supplemental Needs Trusts, 172 AD3d 1570, 1574 [3d Dept 2019]; see CPLR 2221 [e]). The remaining part of the June 2024 order is not properly before us, as no appeal lies from a denial of a motion to reargue (see People v Kelsey, 221 AD3d at 1400 n; CPLR 5701 [a] [2] [viii]).
Defendant's challenge to his risk level classification is without merit. Despite defendant's protests, County Court did not abuse its discretion by assessing 20 points under risk factor 5 (age of victim) and 20 points under risk factor 6 (other victim characteristics). "As the [victims'] physical helplessness was not the result of, or in any way connected with, [their] age, assessing points in both categories did not constitute impermissible double counting" (People v Miller, 149 AD3d 1279, 1281 [3d Dept 2017] [internal quotation marks, brackets and citations omitted]; accord People v Deming, 155 AD3d 1262, 1263 [3d Dept 2017], lv denied 30 NY3d 911 [2018]).[FN1]
Next, no due process violation occurred when County Court declined to hold a new SORA hearing before issuing the February 2024 order. We remitted so that the court could correct the defects in its 2022 order. In authorizing "further proceedings not inconsistent with this Court's decision," we did not by implication direct the court to hold a second SORA hearing or otherwise grant defendant a second bite at the apple (221 AD3d at 1401; see People v Kiernan, 232 AD3d 916, 917 [2d Dept 2024]; compare People v Santiago, 237 AD3d 1441, 1443-1444 [3d Dept 2025]; People v Furgeson, 230 AD3d 1488, 1490-1491 [3d Dept 2024]).
Nor did County Court err in declining to consider defendant's constitutional challenges to Correction Law § 168-a (3) and (7). Without record proof that the Attorney General has been appropriately notified of a challenge to the constitutionality of a statute with an opportunity to intervene, a court may not consider that challenge (see CPLR 1012 [b] [1], [3]; Executive Law § 71). Though defendant dated his notice to the Attorney General February 13, 2024 — two weeks before the court issued its February 2024 order — defendant's affirmation of service indicates the notice was served on April 1, 2024 (see People v LaPierre, 195 AD3d 1301, 1305 & n 4 [3d Dept 2021]).[FN2] Nevertheless, the Attorney General has been notified of defendant's challenge on appeal and, though she has declined to intervene, we turn to defendant's contention that the provisions of the Correction Law mandating his sexually violent offender designation are unconstitutional (see Correction Law § 168-a [3], [7]; 97 Lyman Ave., LLC v MTGLQ Invs., L.P., 233 AD3d 1038, 1040 n [2d Dept 2024]; Matter of Avella v Batt, 33 AD3d 77, 82 n 2 [3d Dept 2006]).
Under SORA, an individual convicted of certain sex crimes is a sex offender (see Correction Law § 168-a [1], [2]). Correction Law § 168-a (7) (b) defines a "[s][*3]exually violent offender" as "a sex offender who has been convicted of a sexually violent offense defined in [Correction Law § 168-a (3)]." That provision, in turn, defines a " '[s]exually violent offense' " as, relevantly, "a conviction of or a conviction for an attempt to commit" sexual abuse in the first degree (Correction Law § 168-a [3] [a] [i]; see Penal Law § 130.65). "As relevant here, '[a] person is guilty of sexual abuse in the first degree when he or she subjects another person to sexual contact . . . [w]hen the other person is incapable of consent by reason of being physically helpless' " (People v Kelsey, 174 AD3d 962, 963 [3d Dept 2019], lv denied 34 NY3d 982 [2019], cert denied 593 US ___, 141 S Ct 2607 [2021], quoting Penal Law § 130.65 [2]).
Defendant argues that because his convictions for completed and attempted first-degree sexual abuse did not involve the use of violence, his designation as a sexually violent offender violates his "constitutionally-protected liberty interest, applicable in a substantive due process context, in not being required to register under an incorrect label" (People v Knox, 12 NY3d 60, 66 [2009], cert denied 558 US 1011 [2009]). "The right not to have a misleading label attached to one's serious crime is not fundamental . . . , and we therefore apply the rational basis test to [defendant's] claims" (id. at 67). "Under that test, the law must be rationally related to a legitimate governmental interest" (People v Brown, 41 NY3d 279, 285 [2023]), and "courts may even hypothesize the Legislature's motivation or possible legitimate purpose" (Myers v Schneiderman, 30 NY3d 1, 15 [2017] [internal quotation marks and citation omitted]).
In our view, the Legislature could have reasonably determined that nonconsensual sexual contact with a person who is physically helpless constitutes sexual violence, and thus chosen to label the perpetrator of that criminal conduct a sexually violent offender. That label is rationally related to SORA's legitimate purpose, which is to protect the community "against people who have shown themselves capable of committing sex crimes," including by providing accurate information to the community about the threats posed by sex offenders (People v Knox, 12 NY3d at 67; see People v Malloy, 228 AD3d 1284, 1289 [4th Dept 2024]). The record establishes, by clear and convincing evidence, that defendant made or attempted to make sexual contact with two underage victims without their consent because they were asleep and thus physically helpless (see Penal Law §§ 130.00 [3]; 130.05 [2] [b], [c]; [3] [d]; 130.65 [2]). We therefore cannot say that designating defendant a sexually violent offender would mislead the public, misrepresent the nature of defendant's crime or result in undue stigma (see People v Brown, 41 NY3d at 290-291). Consequently, Correction Law § 168-a (3) and (7) are not unconstitutional on substantive due process grounds as applied to defendant.
Defendant's challenge to the [*4]contents of his presentence report and sex offender certification are not properly before us (see People v Diaz, 34 NY3d 1179, 1181 [2020]; People v Shufelt, 223 AD3d 966, 967 [3d Dept 2024], lv denied 41 NY3d 909 [2024]). The remainder of defendant's contentions have been assessed and found to be meritless.
Garry, P.J., Clark, Lynch and Powers, JJ., concur.
ORDERED that the orders are affirmed, without costs.

Footnotes

Footnote 1: Defendant failed to assert in his memorandum of law that the 20 points assessed under risk factor 7 (relationship to the victim) were an abuse of discretion. Nor did he claim, as he does on appeal, that the RAI criteria are unconstitutionally arbitrary and irrational. As such, those arguments are unpreserved (see People v Henry, 237 AD3d 1258, 1260 [3d Dept 2025], lv denied 44 NY3d 982 [2025]; People v Scott, 230 AD3d 1487, 1487 [3d Dept 2024]).
Footnote 2: Defendant's appellate brief confirms that he "mailed notice to the Attorney General alongside his duly filed motion for" reargument, renewal and a stay, which motion was filed on or about March 28, 2024; a copy of defendant's notice to the Attorney General bears the same date. The Attorney General responded in a letter dated April 10, 2024, to which defendant replied on April 16, 2024 declining the Attorney General's request for papers raising his constitutional challenge.