People v Holton (2021 NY Slip Op 02206)





People v Holton


2021 NY Slip Op 02206


Decided on April 8, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:April 8, 2021

530842
[*1]The People of the State of New York, Respondent,
v
Lemuel Holton, Appellant.

Calendar Date:March 11, 2021

Before:Garry, P.J., Egan Jr., Clark, Aarons and Reynolds Fitzgerald, JJ.

Stephen W. Herrick, Public Defender, Albany (Steven M. Sharp of counsel), for appellant.
P. David Soares, District Attorney, Albany (Vincent Stark of counsel), for respondent.



Garry, P.J.
Appeal from an order of the County Court of Albany County (Lynch, J.), entered August 12, 2019, which classified defendant as a risk level two sex offender pursuant to the Sex Offender Registration Act.
In 2015, defendant pleaded guilty to promoting a sexual performance by a child and was sentenced to five years in prison, to be followed by 10 years of postrelease supervision. In anticipation of defendant's release from prison, the Board of Examiners of Sex Offenders submitted a risk assessment instrument in accordance with the Sex Offender Registration Act (see Correction Law art 6-C [hereinafter SORA]) that presumptively classified him as a risk level one sex offender (35 points). The People prepared a risk assessment instrument that presumptively classified defendant as a risk level two sex offender (95 points). Following a hearing, County Court classified defendant as a risk level two sex offender (85 points) and denied his request for a downward departure. Defendant appeals.
We affirm. Defendant contends that County Court abused its discretion in denying his request for a downward departure. "As the party seeking the downward departure, defendant was required to demonstrate, by a preponderance of the evidence, the existence of mitigating factors not adequately taken into consideration by the risk assessment guidelines" (People v Kemp, 163 AD3d 1339, 1341 [2018] [internal quotation marks, brackets and citations omitted], lv denied 32 NY3d 919 [2019]; accord People v Secor, 171 AD3d 1314, 1315 [2019]). Defendant argues that County Court's assessment of points under risk factors 3 and 7 resulted in an overassessment of his risk to public safety. The Court of Appeals has recognized that an assessment of points under these two risk factors may result in an overassessment of an offender's risk to the public safety in cases concerning child pornography offenses (see People v Gillotti, 23 NY3d 841, 860 [2014]; People v Johnson, 11 NY3d 416, 421 [2008]). The People established that defendant made 284 files available for sharing from his IP address that contained images of children between the ages of one month to four years engaged in sexual acts with adult males. Defendant also admitted to masturbating to the images and downloading three movies containing sexual acts involving children. In light of the number and nature of the images involved, we cannot conclude that County Court abused its discretion in finding no overassessment of defendant's risk to the public safety warranting a downward departure (see People v Henry, 182 AD3d 939, 940-941 [2020], lv denied 36 NY3d 901 [2020]; People v Rivas, 173 AD3d 786, 787 [2019]).
Many of the remaining circumstances that defendant cites in support of a downward departure are taken into account by the risk assessment guidelines, including that his sentence requires that he be supervised after his release and the proof of a stable home environment (see Sex Offender Registration Act: Risk Assessment [*2]Guidelines and Commentary at 17-18 [2006]). Although defendant also cites his completion of a sex offender counseling program in prison, he has not demonstrated that his response to treatment has been "exceptional" so as to be a basis for a downward departure (see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 17 [2006]; People v Peoples, 189 AD3d 1282, 1283 [2020]). Similarly, defendant, who was 56 years old at the time of the hearing, has not shown that he is of such an "advanced age" so as to minimize his risk of reoffense (see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 5 [2006]; People v Curthoys, 77 AD3d 1215, 1217 [2010]). Defendant's remaining alleged mitigating factors have been considered and do not warrant a downward departure.
Egan Jr., Clark, Aarons and Reynolds Fitzgerald, JJ., concur.
ORDERED that the order is affirmed, without costs.