People v Porter (2022 NY Slip Op 00224)





People v Porter


2022 NY Slip Op 00224


Decided on January 13, 2022


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:January 13, 2022

531345
[*1]The People of the State of New York, Respondent,
v
Trevor Porter, Appellant.

Calendar Date:November 19, 2021

Before:Egan Jr., J.P., Lynch, Clark, Pritzker and Colangelo, JJ.

John R. Trice, Elmira, for appellant, and appellantpro se.
Matthew Van Houten, District Attorney, Ithaca (Andrew J. Bonavia of counsel), for respondent.



Pritzker, J.
Appeal from an order of the County Court of Tompkins County (Rowley, J.), entered February 6, 2020, which classified defendant as a risk level three sex offender pursuant to the Sex Offender Registration Act.
Following a trial, defendant was convicted of criminal sexual act in the first degree, criminal sexual act in the third degree and sexual abuse in the first degree. The charges stemmed from a 2007 incident wherein defendant engaged in oral sexual conduct with the then 15-year-old male victim. Upon appeal, this Court reversed defendant's conviction of sexual abuse in the first degree, remitted the matter for further proceedings as to that charge and otherwise affirmed (82 AD3d 1412 [2011], lv denied 16 NY3d 898 [2011]).
In anticipation of defendant's release from prison, the Board of Examiners of Sex Offenders prepared a risk assessment instrument that presumptively classified defendant as a risk level three sex offender. Following a hearing, County Court classified defendant as a risk level three sex offender with a sexually violent offender designation and denied defendant's request for a downward departure. This Court dismissed defendant's subsequent appeal therefrom, finding, among other things, that County Court's written decision did not constitute an appealable paper (178 AD3d 1159 [2019]). Thereafter, by order entered February 6, 2020, County Court again classified defendant as a risk level three sex offender with a sexually violent offender designation, and this appeal ensued.
Defendant initially contends that County Court failed to comply with the temporal requirements of Correction Law § 168-n (3) with respect to assigning counsel and providing defendant with a copy of the Board's risk assessment instrument, thereby depriving him of due process. Prior to the risk classification hearing, defendant indeed advised the court that he had not received a copy of the risk assessment instrument as required by the statute and requested that he be assigned counsel and granted an adjournment to confer with counsel. Once the hearing commenced, however, defendant, who appeared with assigned counsel, raised no further objections in this regard. In fact, despite criticizing how infrequently correction officials would permit him to confer with his client, defense counsel indicated that he and defendant were "caught up," declined County Court's offer of an opportunity to further speak with defendant before proceeding and thereafter addressed the merits of defendant's risk level classification, as well as defendant's request for a downward departure. Under these circumstances, defendant's due process claim is unpreserved for our review (see People v Tubbs, 124 AD3d 1094, 1095 [2015]). Were this issue properly before us, we would find — consistent with the statutory objectives — that defendant was afforded due process (see People v Warren, 42 AD3d 593, 594 [2007], lv denied 9 NY3d 810 [2007]).
Defendant next argues that County Court's [*2]order fails to contain the findings of fact and conclusions of law necessary to support the risk level classification and, further, that County Court abused its discretion in denying defendant's request for a downward departure. Assuming, without deciding, that County Court's order is deficient in certain respects, "the record is otherwise sufficiently developed for us to make our own factual findings and conclusions" (People v Brown, 190 AD3d 1120, 1122 [2021]; see People v Coe, 167 AD3d 1175, 1176 [2018]). Hence, remittal is not warranted.
With respect to the points assessed, the record reveals — and defendant does not dispute — that the victim was a stranger to defendant, thereby warranting the imposition of 20 points under risk factor 7 (relationship with victim). Defendant's related pro se assertion — that he did not set out to find a "victim/stranger" on the night in question and, therefore, the "community notification" concerns underlying this risk factor do not apply (see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 12 n 8 [2006]) — is unpersuasive. Defendant does not directly challenge the remaining points assessed and, upon reviewing the record as a whole, we find clear and convincing evidence to support County Court's classification of defendant as a risk level three sex offender.
With respect to defendant's request for a downward departure, "defendant was required to demonstrate, by a preponderance of the evidence, the existence of mitigating factors not adequately taken into consideration by the risk assessment guidelines" (People v Hackel, 185 AD3d 1118, 1119 [2020] [internal quotation marks and citations omitted]; see People v McKinney, 173 AD3d 1074, 1075 [2019], lv denied 34 NY3d 906 [2019]). In support of his application, defendant primarily relied upon his rehabilitative efforts while confined, including his enrollment in sex offender and alcohol/substance abuse treatment programs, participation in counseling, acceptance of responsibility, satisfactory prison disciplinary history and other educational and programming pursuits. To the extent that such accomplishments were not already encompassed by the risk assessment instrument (see e.g. People v Kotzen, 100 AD3d 1162, 1163 [2012], lv denied 20 NY3d 860 [2013]), we do not find — based upon the totality of the circumstances — that a downward departure from the presumptive risk level classification was warranted. Defendant's remaining arguments, including those raised in his pro se brief, have been examined and found to be lacking in merit.
Egan Jr., J.P., Lynch, Clark and Colangelo, JJ., concur.
ORDERED that the order is affirmed, without costs.