People v Washburn (2022 NY Slip Op 03954)

People v Washburn

2022 NY Slip Op 03954

Decided on June 16, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:June 16, 2022

533012
[*1]The People of the State of New York, Respondent,
v
Kenneth K. Washburn, Appellant.

Calendar Date:April 25, 2022

Before:Garry, P.J., Aarons, Pritzker, Reynolds Fitzgerald and Fisher, JJ.

Angela Kelley, Albany, for appellant.
Robert S. Rosborough IV, Special Prosecutor, Albany, for respondent.

Garry, P.J.
Appeal from an order of the County Court of Saratoga County (Murphy III, J.), entered August 26, 2020, which classified defendant as a risk level three sex offender pursuant to the Sex Offender Registration Act.
In 2018, defendant pleaded guilty to attempted criminal sexual act in the second degree and possessing a sexual performance by a child. Defendant's convictions stem from his engagement in sexually explicit online communications with an individual whom he believed to be a 14-year-old boy — who was, in fact, an undercover officer — and his transport of that individual to his home for the performance of sexual acts. Defendant was also found in possession of various sexually explicit images of multiple children. In preparation for his release from prison, the Board of Examiners of Sex Offenders prepared a risk assessment instrument under the Sex Offender Registration Act (see Correction Law art 6-C [hereinafter SORA]) that assigned him a total of 90 points and presumptively placed him in the risk level two classification. The People, in turn, prepared a risk assessment instrument assigning a total of 120 points, thus presumptively placing defendant in the risk level three classification. Defendant disagreed, arguing that he should be scored at a risk level one or, in the alternative, that a downward departure was warranted. Following a hearing, County Court determined that defendant should be assessed 120 points, placing him at a presumptive risk level three classification, and declined his request for a downward departure. Defendant appeals.
Initially, defendant contends that County Court failed to set forth its findings of fact and conclusions of law supporting its classification as required by Correction Law § 168-n (3). Correction Law § 168-n (3) provides that, at the conclusion of a SORA hearing, County Court must "render an order setting forth its determinations and the findings of fact and conclusions of law on which the determinations are based" (see People v Lavelle, 172 AD3d 1568, 1569 [2019], lv denied 33 NY3d 909 [2019]). Here, County Court rendered an order with findings of fact and an articulation of the parties' arguments. Although defendant's criticism that the determination is conclusory is merited, based upon the scant analysis of these arguments, this failing does not preclude meaningful appellate review; in any event, remittal is not required here, as the record is sufficiently developed to support this Court in making its own factual findings and legal conclusions (see People v Conrad, 193 AD3d 1187, 1188 [2021]; People v Burke, 139 AD3d 1268, 1269 [2016], lv denied 28 NY3d 909 [2016]; People v Roberts, 54 AD3d 1106, 1106-1107 [2008], lv denied 11 NY3d 713 [2008]; compare People v Zayas, 57 AD3d 1179, 1179-1180 [2008]).
Defendant next challenges the assessment of 15 points for drug and alcohol abuse under risk factor 11, arguing that he does not use drugs or alcohol and has not done so for a significant period [*2]of time. In establishing defendant's risk level classification under SORA, the People "shall bear the burden of proving the facts supporting the determinations sought by clear and convincing evidence" (Corrections Law § 168-n [3]; see People v Henry, 182 AD3d 939, 939 [2020], lv denied 36 NY3d 901 [2020]; People v Phillips, 177 AD3d 1108, 1109 [2019]; People v Brown, 7 AD3d 831, 832 [2004]). As noted by County Court, defendant has acknowledged having a significant substance abuse history, and he was convicted for felony driving while intoxicated three years before the current offense; moreover, "[a]n offender need not be abusing alcohol or drugs at the time of the instant offense to receive points in [factor 11]" (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 15 [2006]). Thus, County Court properly assessed 15 points in this category.
As for the challenge to the 10 points assigned under risk factor 12, acceptance of responsibility, this was less than the maximum of 15 possible points. We agree that this assessment accurately reflects defendant's initial refusal to join a sex offender treatment program and, thus, County Court properly assessed 10 points in this category.
Defendant next argues that County Court erred in denying his request for a downward departure. "As the party seeking the downward departure, defendant was required to demonstrate, by a preponderance of the evidence, the existence of mitigating factors not adequately taken into consideration by the risk assessment guidelines" (People v Kemp, 163 AD3d 1339, 1341 [2018] [internal quotation marks, brackets and citations omitted], lv denied 32 NY3d 919 [2019]; accord People v Holton, 193 AD3d 1212, 1213 [2021]; People v Wilson, 167 AD3d 1192, 1193 [2018]). Here, although defendant briefly asserted a request for such consideration in remarks at the conclusion of the proceedings, the arguments asserted addressed the factors set forth within the SORA assessment instrument; defendant's other arguments, raised on appeal but not at the proceedings, are unpreserved for our review (see People v Worley, 202 AD3d 1008, 1009 [2022]; People v McKenna, 186 AD3d 1542, 1543 [2020], lv denied 36 NY3d 903 [2020]). We therefore find no basis for disturbing the determination (see People v Graziano, 140 AD3d 1541, 1542 [2016], lv denied 28 NY3d 909 [2016]; People v King, 72 AD3d 1363, 1364 [2010]; People v Kaminski, 38 AD3d 1127, 1128 [2007], lv denied 9 NY3d 803 [2007]).
Defendant's remaining contentions have been considered and are without merit.
Aarons, Pritzker, Reynolds Fitzgerald and Fisher, JJ., concur.
ORDERED that the order is affirmed, without costs.