People v Glowinski (2022 NY Slip Op 05114)

People v Glowinski

2022 NY Slip Op 05114

Decided on September 1, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:September 1, 2022

530341
[*1]The People of the State of New York, Respondent,
v
Raymond Glowinski, Appellant.

Calendar Date:August 18, 2022

Before:Garry, P.J., Lynch, Aarons, Ceresia and Fisher, JJ.

Law Office of Wayne P. Smith, Schenectady (Wayne P. Smith of counsel), for appellant.
Karen A. Heggen, District Attorney, Ballston Spa (John B. Latella III of counsel), for respondent.

Lynch, J.
Appeal from an order of the County Court of Saratoga County (James A. Murphy III, J.), entered June 29, 2018, which classified defendant as a risk level two sex offender pursuant to the Sex Offender Registration Act.
In 2016, defendant was sentenced to a prison term of 2 to 6 years following his plea of guilty to the crime of promoting a sexual performance by a child. In anticipation of defendant's release from prison, the Board of Examiners of Sex Offenders prepared a risk assessment instrument in accordance with the Sex Offender Registration Act (see Correction Law art 6-C) which, based upon a total score of 35 points, presumptively classified him as a risk level one sex offender; however, the Board recommended a departure to a risk level two sex offender based on various aggravating factors. The People prepared a risk assessment instrument that classified defendant as a risk level two sex offender with a score of 85 points. Following a hearing, County Court classified defendant as a risk level two sex offender with a total score of 85 and denied his request for a downward departure. Defendant appeals.
Initially, to the extent that defendant contends that County Court's order does not comply with the requirements of Correction Law § 168-n (3) because the order does not set forth in writing its findings of fact and conclusions of law on which the risk level classification is based, we note that remittal is not required as the court clearly set forth its findings and conclusions during the hearing in sufficient detail to permit intelligent review (see People v Shook, 199 AD3d 1177, 1178 [3d Dept 2021]; People v Hoffman, 199 AD3d 1080, 1081 [3d Dept 2021]). As to the merits, defendant contends that the assessment of points under risk factors 3 (number of victims) and 7 (stranger) resulted in an overestimation of his risk to public safety, and that mitigating factors — which he alleges the court failed to consider — warrant a downward departure to a risk level one classification. We disagree. Although the Court of Appeals has recognized in child pornography cases that an assessment of points under these two risk factors may result in an overassessment of an offender's risk level classification (see People v Gillotti, 23 NY3d 841, 860 [2014]; People v Johnson, 11 NY3d 416, 421 [2008]), "it nevertheless remains within the discretion of County Court to impose points based upon these factors where the evidence permits, and any potential for overestimation of the risk of sexual recidivism may be addressed via the discretionary downward departure process" (People v Brown, 190 AD3d 1120, 1122-1123 [3d Dept 2021]; see People v Gillotti, 23 NY3d at 860-861). In seeking a downward departure, defendant bore the burden of "demonstrat[ing], by a preponderance of the evidence, the existence of mitigating factors not adequately taken into consideration by the risk assessment guidelines" (People v Huether, 205 AD3d 1233, 1234 [3d Dept 2022] [internal quotation [*2]marks and citations omitted]; see People v Holton, 193 AD3d 1212, 1213 [3d Dept 2021]).
Defendant was assessed points for those two risk factors based upon the People demonstrating by clear and convincing evidence that defendant's cell phone, SD card and computer contained nearly 900 pornographic images and videos of children, some of which included toddlers, as well as an uploaded video of an adult male performing sexual acts on a female victim approximately four to eight years old. Defendant reported to police that he viewed child pornography for a year and a half and admitted to being a member of a group of 10 to 15 people that exchanged videos of child pornography. He acknowledged that he exchanged such videos every couple of days and would masturbate while viewing the videos. Also, defendant admitted that if he was "bounced" from drop boxes for inappropriate content, he would establish a new drop box with a fake email address in order to continue viewing child pornography.
Further, the record belies defendant's contention that County Court did not consider the mitigating factors that he presented in support of his request for a downward departure. Many of those factors, including his acceptance of responsibility and conduct while incarcerated, are taken into account by the risk assessment guidelines (see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 15-16 [2006]). Further, to the extent that defendant relies on his successful completion of a sex offender treatment program while incarcerated, he failed to demonstrate that his response to such treatment was "exceptional" in order for it to be a basis for a downward departure (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 17 [2006]; see People v Holton, 193 AD3d at 1213). In view of the foregoing, we find no abuse of discretion in County Court finding that the scoring of factors 3 and 7 was appropriate and adequately reflected defendant's risk to public safety and that the circumstances and alleged mitigating factors did not warrant a downward departure (see People v Holton, 193 AD3d at 1213; People v Henry, 182 AD3d 939, 940-941 [3d Dept 2020], lv denied 36 NY3d 901 [2020]).
Garry, P.J., Aarons, Ceresia and Fisher, JJ., concur.
ORDERED that the order is affirmed, without costs.