People v Smith (2022 NY Slip Op 06841)

People v Smith

2022 NY Slip Op 06841

Decided on December 1, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:December 1, 2022

530134
[*1]The People of the State of New York, Respondent,
v
Bruce Smith, Appellant.

Calendar Date:October 18, 2022

Before:Garry, P.J., Lynch, Reynolds Fitzgerald, Ceresia and McShan, JJ.

Rural Law Center of New York, Castleton (Kelly L. Egan of counsel), for appellant.
Jason M. Carusone, District Attorney, Lake George (Robert P. McCarty of counsel), for respondent.

Ceresia, J.
Appeal from an order of the County Court of Warren County (John S. Hall Jr., J.), entered June 10, 2019, which classified defendant as a risk level three sex offender pursuant to the Sex Offender Registration Act.
In 2010, defendant pleaded guilty in federal court to the crime of receipt of child pornography (see 18 USC §§ 2252A [a] [2]; [b] [1]; 2256 [8] [A]) and was sentenced to a term of imprisonment to be followed by a period of supervised release. The federal presentence report details that from 2008 to 2009 defendant utilized a peer-to-peer file sharing service to receive numerous sexually explicit images and videos of children, with some as young as two years old, which he saved and, in some instances, shared with others. The report also indicates that during this time defendant had engaged in sexually explicit online conversations with an 11-year-old girl, during which he had exposed his genitalia.
Upon defendant's release from prison, the Board of Examiners of Sex Offenders prepared a risk assessment instrument (hereinafter RAI) in accordance with the Sex Offender Registration Act (see Correction Law art 6-C [hereinafter SORA]), assigning him 75 total points, resulting in a presumptive risk level two sex offender classification. The Board, however, also recommended an upward departure to risk level three. The People, in turn, sought to assess additional points under risk factors 3 (number of victims) and 7 (relationship between offender and victim), where the Board had not, thereby assigning defendant a total score of 125 points and placing him at a presumptive risk level three classification. Defendant, while not objecting to an assessment of 75 points and a risk level two classification, requested a downward departure in the event that County Court assessed enough points to presumptively classify him as a risk level three sex offender. Following a hearing, the court assessed a total of 125 points — including 30 points under risk factor 3 and 20 points under risk factor 7 — and found that a downward departure was not warranted. As such, the court classified defendant as a risk level three sex offender. Defendant appeals.
We reject defendant's claim that the assessment of points relative to risk factors 3 and 7 was inappropriate. In establishing risk level classification pursuant to SORA, the People "bear the burden of proving the facts supporting the determinations sought by clear and convincing evidence" (Correction Law § 168-n [3]; accord People v LeBlanc, 207 AD3d 966, 967 [3d Dept 2022]). "Children depicted in pornographic images count as separate victims for purposes of risk factor 3 and points may be assessed under risk factor 7 when the victimized children portrayed in the images possessed by the defendant were strangers to him or her" (People v Courtney, 202 AD3d 1246, 1247-1248 [3d Dept 2022] [internal quotation marks, brackets, ellipsis and citations omitted]). Here, the evidence demonstrated that defendant was found in [*2]possession of numerous pornographic images and videos depicting children — some as young as two and three years old — and that defendant used certain generic keywords to locate and download this child pornography. Further, there was no indication that defendant knew any of these victims. Thus, under these circumstances, the assessment of 30 points under risk factor 3 and 20 points under risk factor 7 is supported by clear and convincing evidence (see People v Courtney, 202 AD3d at 1248; People v Hoffman, 199 AD3d 1080, 1082 [3d Dept 2021]; People v Conrad, 193 AD3d 1187, 1189 [3d Dept 2021]; People v Henry, 182 AD3d 939, 940 [3d Dept 2020], lv denied 36 NY3d 901 [2020]).
We are similarly unpersuaded by defendant's contention that the evidence justified a downward departure. "As the party seeking the downward departure, defendant was required to demonstrate, by a preponderance of the evidence, the existence of mitigating factors not adequately taken into consideration by the risk assessment guidelines" (People v Washburn, 206 AD3d 1313, 1315 [3d Dept 2022] [internal quotation marks and citations omitted], lv denied ___ NY3d ___ [Nov. 17, 2022]; see People v Lane, 201 AD3d 1266, 1267 [3d Dept 2022]). County Court properly concluded that the reasons advanced by defendant in support of his application for a downward departure were either already sufficiently taken into account by the RAI or, in an exercise of its discretion, did not warrant a reduction of defendant's presumptive risk level classification. Defendant's claim that the court, in declining to grant a downward departure, failed to consider the potential overestimation of risk of reoffense resulting from the awarding of points under risk factors 3 and 7 is unpreserved, as defendant did not raise this particular argument when articulating the specific grounds upon which he was seeking a downward departure (see People v Thompson, 206 AD3d 1391, 1392 n [3d Dept 2022], lv denied 39 NY3d 902 [2022]; People v Washburn, 206 AD3d at 1315). In any event, having reviewed the record, and in light of the abhorrent and graphic nature of the images possessed by defendant, we are satisfied that defendant's risk of reoffense was not overinflated such that a downward departure would be warranted on this basis (see People v Scrom, 205 AD3d 1238, 1241 [3d Dept 2022], lv denied 38 NY3d 914 [2022]).
Garry, P.J., Lynch, Reynolds Fitzgerald and McShan, JJ., concur. ordered that the order is affirmed, without costs.