People v Adams (2023 NY Slip Op 02813)

People v Adams

2023 NY Slip Op 02813

Decided on May 25, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:May 25, 2023

534358
[*1]The People of the State of New York, Respondent,
v
Roger Adams, Appellant.

Calendar Date:April 27, 2023

Before:Garry, P.J., Aarons, Pritzker, Ceresia and Fisher, JJ.

Ameer Benno, Albany, for appellant.
P. David Soares, District Attorney, Albany (Erin N. LaValley of counsel), for respondent.

Pritzker, J.
Appeal from an order of the County Court of Albany County (Andra Ackerman, J.), entered October 12, 2021, which classified defendant as a risk level two sex offender pursuant to the Sex Offender Registration Act.
In 2018, defendant pleaded guilty to promoting a sexual performance by a child as a sexually motivated felony in satisfaction of a 24-count indictment, stemming from his possession of several sexually explicit images of young children. Defendant was thereafter sentenced to four years in prison, followed by 15 years of postrelease supervision. In anticipation of his release, the Board of Examiners of Sex Offenders prepared a risk assessment instrument pursuant to the Sex Offender Registration Act (see Correction Law art 6—C [hereinafter SORA]) that assigned him a total of 60 points, presumptively classifying him as a risk level one sex offender, but with a comment in the case summary that an upward departure may be warranted if additional information supporting potential aggravating factors was produced. The People prepared their own risk assessment instrument assigning a total of 120 points, adding 30 points under risk factor 3 for three or more victims, 20 points under risk factor 7 for criminal conduct directed at strangers and 10 points under risk factor 12 for failure to accept responsibility and, thus, presumptively classified defendant as a risk level three sex offender. Alternatively, the People argued that an upward departure to a risk level three was warranted. Following a hearing, County Court found that defendant was presumptively classified as a risk level three sex offender, but granted his request for a downward departure and designated him a risk level two sex offender. Defendant appeals.
We reject defendant's contentions that he was improperly assessed 30 points under risk factor 3. SORA provides that the People bear the burden of proving the facts supporting a defendant's risk level classification by "clear and convincing evidence" (Correction Law § 168—n [3]; see People v Conrad, 193 AD3d 1187, 1188 [3d Dept 2021]). As to risk factor 3, the assignment of 30 points is warranted "if there were three or more victims" (Sex Offender Registration Act Risk Assessment Guidelines and Commentary at 10 [2006]) and, pertinent here, "[c]hildren depicted in pornographic images count as separate victims for purposes of risk factor 3" (People v Smith, 211 AD3d 1127, 1128 [3d Dept 2022] [internal quotation marks and citations omitted]). Notably, "factor 3 draws no distinction between victims of child pornography offenses and victims of other sex crimes, as the whole point of the child pornography statutes is to protect children like these from exploitation by pornographers — an exploitation to which defendant, by consuming . . . the pornographers' product, contributed" (People v Scrom, 205 AD3d 1238, 1240 [3d Dept 2022] [internal quotation marks, citations and brackets omitted], lv denied 38 NY3d 914 [2022]; see People v Pulsifer, 210 [*2]AD3d 1210, 1212 [3d Dept 2022], lv denied 39 NY3d 908 [2023]). In seeking the assignment of points under factor 3, the People submitted the underlying indictment and the presentence report, which reflect that the pornographic images in defendant's possession depicted multiple victims between the ages of approximately two years old and adolescence. Contrary to defendant's assertions, "[s]uch documentation is reliable hearsay that has been found to constitute clear and convincing evidence supporting a risk level classification" (People v Conrad, 193 AD3d at 1188; see People v Mingo, 12 NY3d 563, 573-574 [2009]). Accordingly, we find that defendant was properly assessed 30 points under this risk factor (see People v Courtney, 202 AD3d 1246, 1248 [3d Dept 2022]; People v Phillips, 177 AD3d 1108, 1109-1110 [3d Dept 2019]).
We are similarly unpersuaded by defendant's challenge to the assessment of 10 points under risk factor 12 for failure to accept responsibility. Although defendant pleaded guilty and has evidently participated successfully in sex offender treatment, which may constitute some evidence of an offender's acceptance of responsibility (see People v LeBlanc, 207 AD3d 966, 967 [3d Dept 2022]; People v Arroyo, 202 AD3d 1212, 1213 [3d Dept 2022], lv denied 38 NY3d 910 [2022]), his presentence report reflects his attempts to minimize his conduct and the ongoing harm suffered by the victims. As "[a]n offender who does not accept responsibility for his [or her] conduct or minimizes what occurred is a poor prospect for rehabilitation" (Sex Offender Registration Act Risk Assessment Guidelines and Commentary at 15; see People v Aldana, 154 AD3d 1020, 1021 [3d Dept 2017]), we find that County Court properly assessed 10 points under risk factor 12 (see People v Ford, 25 NY3d 939, 941 [2015]; People v LeBlanc, 207 AD3d at 967-968; People v Arroyo, 202 AD3d at 1213). In view of the foregoing conclusions, we find that County Court properly determined that defendant was presumptively classified as a risk level three sex offender.
Defendant further contends that County Court abused its discretion in denying his request for a downward departure to a risk level one classification. In seeking a downward departure, a "defendant [is] required to demonstrate, by a preponderance of the evidence, the existence of mitigating factors not adequately taken into consideration by the risk assessment guidelines" (People v Kemp, 163 AD3d 1339, 1341 [3d Dept 2018] [internal quotation marks and citations omitted], lv denied 32 NY3d 919 [2019]; see People v Glowinski, 208 AD3d 1392, 1393 [3d Dept 2022]; People v Arroyo, 202 AD3d at 1213). Even upon such a demonstration, the court must nevertheless "make a discretionary determination as to whether the overall circumstances warrant a departure to prevent an overassessment of the defendant's 'dangerousness and risk of sexual recidivism' " (People v Wilson, 167 AD3d 1192, 1193 [3d Dept 2018], quoting People v Gillotti, 23 NY3d [*3]841, 861 [2014]). Here, in concluding that a downward departure to a risk level two classification was warranted, the court considered defendant's submissions indicating that his participation in sexual offender treatment had been "exceptional" and that he had no physical contact with the victims, did not have a subscription to access child pornography, possessed relatively few pornographic images of children and did not collect or organize said images. Notwithstanding the foregoing, the court determined that a departure to a risk level one was not appropriate given evidence of defendant's failure to fully accept responsibility for his actions and the fact that the majority of the children in the sexually explicit images in defendant's possession were very young. Upon consideration of the totality of the circumstances presented, we find no abuse of discretion in the court's determination that, although a downward departure to a risk level two classification was appropriate, evidence of defendant's dangerousness and risk of sexual recidivism did not warrant a downward departure to a risk level one classification (see People v Sincerbeaux, 27 NY3d 683, 689-690 [2016]; People v Smith, 211 AD3d at 1128-1129; People v Glowinski, 208 AD3d at 1393-1394; People v Kemp, 163 AD3d at 1341-1342).
Garry, P.J., Aarons, Ceresia and Fisher, JJ., concur.
ORDERED that the order is affirmed, without costs.