People v Salerno (2024 NY Slip Op 00658)

People v Salerno

2024 NY Slip Op 00658

Decided on February 8, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:February 8, 2024

534808 534809
[*1]The People of the State of New York, Respondent,
v
James Salerno, Appellant.

Calendar Date:January 19, 2024

Before:Egan Jr., J.P., Clark, Pritzker, Fisher and Powers, JJ.

Tina K. Sodhi, Alternate Public Defender, Albany (Salvatore A. Russo of counsel), for appellant.
P. David Soares, District Attorney, Albany (Chi-Hsin Esther Engelhart of counsel), for respondent.

Pritzker, J.
Appeals from an order of the County Court of Albany County (Andra Ackerman, J.), entered September 20, 2021, which classified defendant as a risk level three sex offender pursuant to the Sex Offender Registration Act.
In 2005, defendant pleaded guilty to two counts of criminal sexual act in the first degree as well as one count of rape in the first degree in full satisfaction of a nine-count indictment and, that same day, pleaded guilty to a separate single count of criminal sexual act in the first degree in satisfaction of a superior court information. Defendant was thereafter sentenced to an aggregate 20-year prison term to be followed by five years of postrelease supervision. In anticipation of his release, the Board of Examiners of Sex Offenders prepared two risk assessment instruments pursuant to the Sex Offender Registration Act (see Correction Law art 6-C [hereinafter SORA]), one relevant to each guilty plea. The first assigned him a total of 100 points, presumptively classifying him as a risk level two sex offender yet indicating that an upward departure to a level three sex offender was warranted, while the second assigned him a total of 170 points, presumptively classifying him as a risk level three sex offender. Following a joint hearing, County Court found that defendant was presumptively classified as a risk level three sex offender and denied his request for a downward departure. Defendant appeals.
"In establishing risk level classification pursuant to SORA, the People 'bear the burden of proving the facts supporting the determinations sought by clear and convincing evidence' " (People v Smith, 211 AD3d 1127, 1127-1128 [3d Dept 2022], quoting Correction Law § 168-n [3]). The guidelines provide for the assessment of "15 points if an offender has a substance abuse history or was abusing drugs and or alcohol at the time of the offense" (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 15 [2006]). The case summary and presentence report, which constitute reliable hearsay, illustrate that defendant used marihuana daily from the age of 16 until his incarceration and took part in substance abuse treatment while incarcerated. As such, this Court is satisfied that this habitual marihuana use exceeds mere social or occasional use (see People v LaShomb, 161 AD3d 1465, 1467 [3d Dept 2018]; see generally People v Palmer, 20 NY3d 373, 378 [2013]). In light of the foregoing, County Court appropriately assessed 15 points under risk factor 11 (see People v LeBlanc, 207 AD3d 966, 968 [3d Dept 2022]; People v Williamson, 181 AD3d 1100, 1102 [3d Dept 2020]; People v Hinson, 170 AD3d 1385, 1387 [3d Dept 2019]). As such, defendant was properly classified as a risk level three sex offender.
As to defendant's request for a downward departure, "defendant was required to demonstrate, by a preponderance of the evidence, the existence of mitigating factors not adequately taken into consideration by the risk assessment guidelines" ([*2]People v Washburn, 206 AD3d 1313, 1315 [3d Dept 2022] [internal quotation marks and citations omitted], lv denied 39 NY3d 903 [2022]; see People v Pulsifer, 210 AD3d 1210, 1212 [3d Dept 2022], lv denied 39 NY3d 908 [2023]). Defendant's participation in sex offender treatment was taken into account as he was not assessed points under risk factor 12 (acceptance of responsibility) and consequently does not constitute a mitigating factor (see People v Huether, 205 AD3d 1233, 1235 [3d Dept 2022], lv denied 39 NY3d 901 [2022]; People v Dorvee, 203 AD3d 1413, 1415 [3d Dept 2022]). Nevertheless, his participation therein was described only as "acceptable," not "exceptional," and thus may not serve as a basis for downward departure (see People v Glowinski, 208 AD3d 1392, 1394 [3d Dept 2022]). Similarly, to the extent not encompassed in the risk assessment guidelines, we do not find that defendant's participation in substance abuse treatment warranted a downward departure based upon the totality of the circumstances (see People v Porter, 201 AD3d 1152, 1154 [3d Dept 2022], lv denied 38 NY3d 908 [2022]). Accordingly, County Court did not abuse its discretion in declining defendant's request for a downward departure from the presumptive risk level three classification (see People v Uhle, 221 AD3d 1199, 1202 [3d Dept 2023]).
Egan Jr., J.P., Clark, Fisher and Powers, JJ., concur.
Ordered that the order is affirmed, without costs.