People v Kraft (2024 NY Slip Op 03912)

People v Kraft

2024 NY Slip Op 03912

Decided on July 25, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:July 25, 2024

536086
[*1]The People of the State of New York, Respondent,
v
Daniel Kraft, Appellant.

Calendar Date:June 3, 2024

Before:Garry, P.J., Clark, Aarons, Pritzker and McShan, JJ.

Stephen W. Herrick, Public Defender, Albany (James A. Bartosik Jr. of counsel), for appellant.
P. David Soares, District Attorney, Albany (Erin N. LaValley of counsel), for respondent.

Clark, J.
Appeal from an order of the Supreme Court (Peter A. Lynch, J.), entered July 11, 2022 in Albany County, which classified defendant as a risk level two sex offender pursuant to the Sex Offender Registration Act.
In 2019, defendant pleaded guilty to promoting a sexual performance by a child and was sentenced to three years in prison, followed by 10 years of postrelease supervision. In anticipation of his release, the Board of Examiners of Sex Offenders prepared a risk assessment instrument pursuant to the Sex Offender Registration Act (see Correction Law art 6-C [hereinafter SORA]) that assigned him a total of 30 points, presumptively classifying him as a risk level one sex offender. The People prepared their own risk assessment instrument assigning defendant an additional 30 points under risk factor 3 (three or more victims) and 20 points under risk factor 7 (criminal conduct directed at strangers) for a total assessment of 80 points, presumptively classifying defendant as a risk level two sex offender. Following a hearing, Supreme Court classified defendant as a risk level two sex offender and denied his request for a downward departure. Defendant appeals.
Defendant challenges Supreme Court's assessment of points under risk factors 3 and 7. Under SORA, "the People bear the burden of proving the facts supporting a defendant's risk level classification by clear and convincing evidence" (People v Adams, 216 AD3d 1376, 1377 [3d Dept 2023] [internal quotation marks and citation omitted], lv denied 40 NY3d 904 [2023]; see People v Courtney, 202 AD3d 1246, 1247 [3d Dept 2022]). As to the assessment of points under risk factor 3, "it is well settled that the children depicted in child pornography are necessarily counted as victims under risk factor 3, permitting the assessment of 30 points whenever there were three or more victims involved" (People v Howland, 211 AD3d 1189, 1190 [3d Dept 2022] [internal quotation marks, brackets, ellipsis and citations omitted]; see People v Henry, 182 AD3d 939, 939-940 [3d Dept 2020], lv denied 36 NY3d 901 [2020]). Further, "points may be assessed under risk factor 7 when the victimized children portrayed in the images possessed by the defendant were strangers to him or her" (People v Benton, 185 AD3d 1103, 1105 [3d Dept 2020] [internal quotation marks, brackets and citation omitted], lv denied 35 NY3d 916 [2020]; accord People v Scrom, 205 AD3d 1238, 1239 [3d Dept 2022], lv denied 38 NY3d 914 [2022]). In our view, statements made by defendant in the presentence report admitting that he had been viewing pornographic images of "young children and infants" that he obtained "on a darknet site" for several years before his arrest constitute clear and convincing evidence that there were three or more victims and that the victims were strangers to him (see People v Maelzner, 217 AD3d 509, 510 [1st Dept 2023]; People v Howland, 211 AD3d at 1190-1191; People v Negron, 202 AD3d 1113, 1113 [2d Dept 2022]; People v Johnson, 47 AD3d [*2]140, 142-143 [4th Dept 2007], affd 11 NY3d 416 [2008]).
Defendant also contends that Supreme Court abused its discretion in denying his request for a downward departure to a risk level one classification. "In seeking a downward departure, a defendant is required to demonstrate, by a preponderance of the evidence, the existence of mitigating factors not adequately taken into consideration by the risk assessment guidelines" (People v Adams, 216 AD3d at 1378 [internal quotation marks, brackets and citations omitted]; see People v Smith, 211 AD3d 1127, 1128 [3d Dept 2022]). "Even if such a mitigating factor exists, the court then must make a discretionary determination as to whether the overall circumstances warrant a departure to prevent an overassessment of the defendant's dangerousness and risk of sexual recidivism" (People v Wilson, 167 AD3d 1192, 1193 [3d Dept 2018] [internal quotation marks and citations omitted]). Defendant argues that the assessment of points under risk factors 3 and 7 overestimated his risk of recidivism and asserts that being married and involved in three adult romantic relationships prior to his offense along with his successful completion of a sex offender treatment program [FN1] support a downward departure. Supreme Court considered these factors and recognized defendant's positive efforts in treatment, but, considering his admitted addiction to pornography — including child pornography — the court denied his request for a downward departure. Given the totality of the circumstances presented herein, we are satisfied that Supreme Court did not abuse its discretion in finding that defendant did not demonstrate mitigating circumstances that warrant a downward departure (see People v Adams, 216 AD3d at 1378-1379; People v Pulsifer, 210 AD3d 1210, 1212 [3d Dept 2022], lv denied 39 NY3d 908 [2023]).
Garry, P.J., Aarons, Pritzker and McShan, JJ., concur.
ORDERED that the order is affirmed, without costs.

Footnotes

Footnote 1: At the hearing, Supreme Court received into evidence a report setting forth defendant's performance at the sex offender treatment program. That exhibit, however, was not included in the record on appeal, and our efforts to obtain it from the Supreme Court Clerk's office and from the parties were unsuccessful. We remind "trial courts and clerks' offices [of their duty to] ensure that records of court proceedings are preserved" (People v Abreu, 227 AD3d 1190, 1192 [3d Dept 2024]).