People v McDermott (2024 NY Slip Op 04642)

People v McDermott

2024 NY Slip Op 04642

Decided on September 26, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:September 26, 2024

534243
[*1]The People of the State of New York, Respondent,
v
Cohan S. McDermott, Appellant.

Calendar Date:September 10, 2024

Before:Egan Jr., J.P., Pritzker, Lynch, McShan and Powers, JJ.

David E. Woodin, Catskill, for appellant.
Mary E. Saitta, Special Prosecutor, Binghamton, for respondent.

Powers, J.
Appeal from an order of the County Court of Broome County (Kevin P. Dooley, J.), entered June 30, 2020, which classified defendant as a risk level two sex offender pursuant to the Sex Offender Registration Act.
In 2018, defendant pleaded guilty to the reduced charge of sexual abuse in the first degree in satisfaction of a three-count indictment stemming from his conduct in subjecting the victim to sexual contact by forcible compulsion. Defendant was sentenced, as a second felony offender, to a prison term of three years, to be followed by five years of postrelease supervision. In anticipation of his release, the Board of Examiners of Sex Offenders prepared a risk assessment instrument (hereinafter RAI) pursuant to the Sex Offender Registration Act (see Correction Law art 6-C [hereinafter SORA]) that assigned defendant a total of 75 points, presumptively classifying him as a risk level two sex offender. At the SORA hearing, the People adopted the Board's RAI and relied on the case summary and presentence report (hereinafter PSR). Defense counsel objected to the assessment of points under risk factor 11, related to drug or alcohol abuse, and requested a downward departure. County Court adopted the Board's RAI assessment, denied defendant's request for a downward departure and classified him as a risk level two sex offender. Defendant appeals.
Initially, to the extent defendant argues that he is entitled to a new hearing on the ground that he was not given a fair opportunity to present his arguments regarding his risk classification, we are not persuaded. Defendant at no point objected to the hearing being held virtually due to the COVID-19 pandemic, was afforded an opportunity to communicate privately with counsel prior to the start of the hearing and did not thereafter request any further opportunity to confer with counsel or raise an objection regarding his ability to participate (see People v West, 222 AD3d 537, 537-538 [1st Dept 2023], lv denied 41 NY3d 906 [2024]). Contrary to his claim, defense counsel was afforded an opportunity to challenge the RAI, submit evidence and make arguments in favor of a downward departure, and the record reflects that County Court considered those arguments both in it statements at the hearing and its written decision. At the end of the hearing, when it became evident that defendant's sound had at some point been muted, defendant assured the court that he had heard what had been said during the proceedings and gave no indication that he had been prevented from participating in the proceeding. Accordingly, the record does not support his claim that he was denied an opportunity to present arguments or evidence and to participate in the proceeding (see id.).
Defendant additionally challenges County Court's assessment of 15 points under risk factor 11, contending that he had not used drugs since 2016, had completed a drug and alcohol class while incarcerated and had not had a positive drug test during this time. In [*2]a proceeding to establish a defendant's risk level classification under SORA, "the People 'bear the burden of proving the facts supporting the determinations sought by clear and convincing evidence' " (People v Smith, 211 AD3d 1127, 1127-1128 [3d Dept 2022], quoting Correction Law § 168-n [3]). The guidelines provide for the assessment of "15 points if an offender has a substance abuse history or was abusing drugs and or alcohol at the time of the offense" (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 15 [2006]; see People v Salerno, 224 AD3d 1016, 1017 [3d Dept 2024]). Although evidencing that defendant was inconsistent in reporting his substance use, the case summary and PSR, which both constitute reliable hearsay, establish that defendant had reported using marihuana at the age of 14, eventually using it daily until 2016. Upon admission to prison in 2017, defendant was referred to a substance abuse treatment program as part of his sex offender treatment. During his evaluation for this program, defendant admitted to overdosing on heroin, which he stated he began using in 2015. Defendant thereafter attended substance abuse meetings and completed an alcohol and substance abuse treatment program in 2019. Defendant's use of drugs prior to and after this sex offense was not in the "distant past [or] excessively remote" (People v Brown, 178 AD3d 1167, 1168 [3d Dept 2019]), his daily use of marihuana was akin to habitual rather than merely "social or occasional use" (People v Salerno, 224 AD3d at 1017) and his apparent abstinence while in prison "is not necessarily predictive of his behavior when no longer under such supervision" (People v Williamson, 181 AD3d 1100, 1101 [3d Dept 2020] [internal quotation marks and citations omitted]). Moreover, notwithstanding the current qualified legality of marihuana, this does not alter the conclusion that, as with alcohol, the abuse of these substances is "highly associated with sex offending" and "serves as a disinhibitor and therefore is a precursor to offending" (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 15 [2006]; see People v Palmer, 20 NY3d 373, 378 [2013]). Given the foregoing, the assessment of points under risk factor 11 is supported by clear and convincing evidence (see People v Wassilie, 201 AD3d 1117, 1119 [3d Dept 2022], lv dismissed 37 NY3d 1172 [2022], lv denied 38 NY3d 907 [2022]; People v Secor, 171 AD3d 1314, 1315 [3d Dept 2019]).
Regarding County Court's denial of defendant's request for a downward departure, "defendant was required to demonstrate, by a preponderance of the evidence, the existence of mitigating factors not adequately taken into consideration by the risk assessment guidelines" (People v Porter, 201 AD3d 1152, 1154 [3d Dept 2022] [internal quotation marks and citations omitted], lv denied 38 NY3d 908 [2022]). Defendant argued that a downward departure was warranted based upon his educational and rehabilitative efforts [*3]while incarcerated, including completion of sex offender and substance abuse programs, as well as domestic violence, parenting, vocational and GED classes — although he did not provide any supporting documentation. The court considered and commended his efforts, but denied the request finding that those factors had been taken into account in the RAI. These factors and his efforts reflect his conduct while confined and acceptance of responsibility, which were adequately taken into account by the guidelines in that he was not assessed any points under risk factors 12 and 13 (see People v Dorvee, 203 AD3d 1413, 1415 [3d Dept 2022]; People v Young, 186 AD3d 1546, 1548 [3d Dept 2020], lv denied 36 NY3d 907 [2021]). To the extent these efforts were not fully considered, they do not warrant a downward departure as there has not been an overassessment of defendant's dangerousness or risk of recidivism particularly given that he was assessed as a high risk for violent recidivism and committed this forcible sex offense just months after his release from prison on a prior violent felony conviction (see People v Glowinski, 208 AD3d 1392, 1393-1394 [3d Dept 2022]; People v Scone, 145 AD3d 1327, 1328 [3d Dept 2016]). Moreover, defendant's reliance upon his successful completion of a sex offender treatment program while incarcerated is likewise misplaced as "he failed to demonstrate that his response to such treatment was 'exceptional' in order for it to be a basis for a downward departure" (People v Glowinski, 208 AD3d at 1394, quoting Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 17 [2006]). Defendant's remaining claims have been considered and found to be without merit.
Egan Jr., J.P., Pritzker, Lynch and McShan, JJ., concur.
ORDERED that the order is affirmed, without costs.