People v Frederick (2025 NY Slip Op 02856)

People v Frederick

2025 NY Slip Op 02856

Decided on May 08, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 08, 2025

Before: Manzanet-Daniels, J.P., Kennedy, Scarpulla, Mendez, Rodriguez, JJ. 

Ind. No. 4218/95|Appeal No. 4318|Case No. 2023-02667|

[*1]The People of the State of New York, Respondent,
v
Michael Frederick, Defendant-Appellant.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Jacquelyn Shelton of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Kevin Arturo Peterson of counsel), for respondent.

Order, Supreme Court, Bronx County (Raymond L. Bruce, J.), entered on or about May 12, 2023, which adjudicated defendant a level three sexually violent offender pursuant to the Sex Offender Registration Act (Correction Law art 6-C), unanimously affirmed, without costs.
The court providently exercised its discretion when it declined to grant a downward departure (see People v Gillotti, 23 NY3d 841, 861 [2014]). Even if advancing age could be a relevant mitigating factor, especially where the sex offense was committed when the defendant was young, defendant has not shown that his age of 52 at the time of the hearing was an "advanced age" that minimizes the risk of re-offense (see e.g. People v Diaz, 143 AD3d 552, 553 [1st Dept 2016] [age of 58 does not warrant downward departure]; see also People v Holton, 193 AD3d 1212, 1213 [3d Dept 2021]). Regardless, as in People v Rodriguez (145 AD3d 489, 490 [1st Dept 2016], lv denied 28 NY3d 916 [2017]), "[w]hile defendant cites to several research studies indicating that advanced age may correlate with decreased recidivism rates, he did not present any expert testimony or other evidence at the hearing that might have allowed the SORA court to make a finding that defendant is less likely to reoffend based on his age" (id. at 490; see also People v Washington, 233 AD3d 547, 548 [1st Dept 2024]).
Defendant's participation in vocational training, letter of support, and expressions of remorse were also adequately taken into account by the risk assessment instrument. Moreover, he has not shown that these, or other rehabilitative factors, were so exceptional as to support a downward departure (see People v Bevel, 224 AD3d 430, 431 [1st Dept 2024], lv denied 42 NY3d 902 [2024]; People v Beard, 223 AD3d 440, 441 [1st Dept 2024], lv denied 41 NY3d 908 [2024]; People v Roman, 198 AD3d 425, 426 [1st Dept 2021]), especially where he incurred numerous disciplinary infractions, many involving sexual misconduct, and he did not successfully complete treatment (see People v Holmes, 195 AD3d 528 [1st Dept 2021], lv denied 37 NY3d 912 [2021]).
Thus, the mitigating factors presented by defendant were adequately taken into account by the risk assessment instrument or were not shown to reduce defendant's risk of reoffense (see People v Sadagheh, 214 AD3d 566 [1st Dept 2023], lv denied 40 NY3d 902 [2023]). In any event, any mitigating factors were outweighed by the seriousness of the underlying conduct, and the danger that a reoffense by defendant would cause a high degree of harm (see People v Boubacar, 222 AD3d 409, 410 [1st Dept 2023], lv denied 41 NY3d 904 [2024]; People v Roldan, 140 AD3d 411 [1st Dept 2016], lv denied 28 NY3d 904 [2016]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 8, 2025