People v Pruitt (2026 NY Slip Op 01565)

People v Pruitt

2026 NY Slip Op 01565

Decided on March 19, 2026

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:March 19, 2026

CV-23-1316
[*1]The People of the State of New York, Respondent,
vGregory Pruitt, Appellant.

Calendar Date:February 19, 2026

Before:Garry, P.J., Clark, Pritzker, McShan and Corcoran, JJ.

Yorden C. Huban, Public Defender, Albany (James A. Bartosik Jr. of counsel), for appellant.
Lee C. Kindlon, District Attorney, Albany (Daniel J. Young of counsel), for respondent.

Garry, P.J.
Appeal from an order of the Supreme Court (Richard McNally Jr., J.), entered April 11, 2023 in Albany County, which classified defendant as a risk level two sex offender pursuant to the Sex Offender Registration Act.
In 2020, despite being subject to an order of protection ordering defendant (age 20) to stay away from the victim (age 13), defendant met her at a local park, drove her to a school parking lot and had sexual intercourse with her. Defendant then picked up the victim's friend (age 14) and drove both girls to another park, where he digitally penetrated each with the stated goal of having intercourse with them. Police approached the vehicle and found defendant and the victim naked, with the victim's friend topless, and defendant was arrested and charged by felony complaint with various sex offenses. Defendant thereafter pleaded guilty to attempted rape in the second degree in full satisfaction of the charges and was sentenced to three years in prison, to be followed by 10 years of postrelease supervision. In anticipation of his release from incarceration, the Board of Examiners of Sex Offenders notified defendant that he was required to register as a sex offender under the Sex Offender Registration Act (see Correction Law art 6-C [hereinafter SORA]) and prepared a risk assessment instrument (hereinafter RAI), assessing him 115 points and presumptively classifying him a risk level three sex offender. The People assessed the same points, while reserving their right to request an upward departure should Supreme Court score defendant with fewer than 115 points. Following a hearing, the court assessed defendant 95 points — a risk level two classification — and, among other things, denied defendant's request for a downward departure. Defendant appeals, and we affirm.
Initially, we note that defendant does not challenge the 75 points scored for risk factors 2, 3, 5 and 8, and any such challenge would be unpreserved for appellate review (see People v Scott, 230 AD3d 1487, 1487 [3d Dept 2024]; People v Gallagher, 129 AD3d 1252, 1254 [3d Dept 2015], lv denied 26 NY3d 908 [2015]). Thus, "defendant's contention that Supreme Court erred in assessing points under risk factor 4 is academic because, even without the 20 points at issue, defendant would still qualify as a level two risk" (People v Scott, 230 AD3d at 1487 [internal quotation marks and citations omitted]; see People v Schultz, 234 AD3d 1143, 1144 [3d Dept 2025]).
Defendant also argues that Supreme Court erred in denying his request for a downward departure, which was predicated upon his positive response to treatment and a letter that he wrote to the Board in which he accepted responsibility and demonstrated empathy and insight as to the harm that he has caused, decreasing his risk of reoffending. To obtain a downward departure, a defendant is required to demonstrate, by a preponderance of the evidence, the existence of mitigating factors not adequately taken into consideration by the risk [*2]assessment guidelines (see People v Gillotti, 23 NY3d 841, 861-863 [2014]; People v Pulsifer, 210 AD3d 1210, 1212 [3d Dept 2022], lv denied 39 NY3d 908 [2023]; People v Guilianelle, 206 AD3d 1311, 1313 [3d Dept 2022]).
Contrary to defendant's contention, his acceptance of responsibility and expressions of remorse to the Board were facts already adequately taken into account by the risk assessment instrument by not assessing him any points under risk factor 12 (see People v Pulsifer, 210 AD3d at 1212; People v Lane, 201 AD3d 1266, 1267 [3d Dept 2022]). Defendant's participation in and response to sex offender treatment while incarcerated were similarly already taken into account in the risk assessment instrument (see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 15-16 [2006]; People v Sanders, 228 AD3d 1184, 1186 [3d Dept 2024]; People v Glowinski, 208 AD3d 1392, 1394 [3d Dept 2022]). Moreover, defendant did not present sufficient evidence that his participation in a sex offender treatment program was "exceptional" in order for it to be a basis for a downward departure (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 17 [2006]; see People v Sanders, 228 AD3d at 1186; People v Salerno, 224 AD3d 1016, 1017 [3d Dept 2024]; People v Glowinski, 208 AD3d at 1394). There was also an aggravating factor cited by the Board in its case summary and relied upon by the People in support of their request for an upward departure — that is, a prior juvenile delinquency adjudication for sexual abuse in the first degree committed by defendant when he was only 11 years old involving a five-year-old child (see generally People v Maurer, 220 AD3d 1061, 1062 [3d Dept 2023]). Given the foregoing, our review of the record supports Supreme Court's conclusion that defendant did not demonstrate, by a preponderance of the evidence, the existence of mitigating factors not adequately taken into consideration by the risk assessment guidelines that would warrant a downward departure (see People v Gillotti, 23 NY3d at 861-863; People v Pulsifer, 210 AD3d at 1212; People v Guilianelle, 206 AD3d at 1313). To the extent that we have not addressed any of defendant's remaining claims, they have been considered and found to be without merit.
Clark, Pritzker, McShan and Corcoran, JJ., concur.
ORDERED that the order is affirmed, without costs.